# Greenmount Cemetery Company's Appeal and Harper's Appeal.

An unrestricted easement may be used for any legitimate purpose, but the right of way to one tract does not give this privilege to a tract beyond.

The owners of the servient tenement have the right of passage, and the right to use, if they do not interfere with the other party.

Where a portion of a right of way has been held adversely for more than twenty-one years, it is extinguished to that extent.

The disposition of the costs in equity is a matter within the discretion of the court.

(Decided January 25, 1886.)

Appeal from a decree of the Court of Common Pleas of Philadelphia County, sitting in Equity. Affirmed.

A bill in equity was filed by Benjamin Harper against the Greenmount Cemetery Company, and an injunction granted on June 9, 1880. Subsequently, a master was appointed to take testimony.

The Greenmount Cemetery Company was incorporated September 25, 1879, and owned two adjoining tracts of land, known as the Baker tract of 59 acres, and the Hoffman tract of about 20 acres. A lane 33 feet wide led into the Baker tract. Michael Baker, prior to 1780, was seised in fee of certain real estate. Upon his death the land was divided in partition proceedings. To Adam Baker was awarded a tract of 59 acres which by various conveyances became vested in the Greenmount Cemetery Company. To Michael Baker was awarded a tract of 73 acres which became vested in the plaintiff, Benjamin Harper.

In the allotment to Michael Baker the right of way in ques-

---

NOTE.—A right of way will be protected by injunction at the suit of the party interfered with. Snyder's Appeal (Pa.) *post*, —, 8 Atl. 26; Hacke's Appeal, 101 Pa. 245; Ferguson's Appeal, 117 Pa. 426, 11 Atl. 885; Miller v. Lynch, 149 Pa. 460, 24 Atl. 80; Manbeck v. Jones, 190 Pa. 171, 42 Atl. 536. But if the possession of the right be doubtful, its existence should first be determined in an action at law. Rhea v. Forsyth, 37 Pa. 503, 78 Am. Dec. 441; Bunnell's Appeal, 69 Pa. 59; Washburn's Appeal, 105 Pa. 480; Delaware, L. & W. R. Co. v. Newton Coal Min. Co. 137 Pa. 314, 21 Atl. 171.

tion was created in the following words: "From which said tree, as well I, the said sheriff, as the jurors aforesaid, have alloted to Adam Baker aforesaid the full and free privilege of a road 33 feet wide leading from his, the said Adam Baker's, land, at the said tree, in a straight line to the bars near the creek in the road leading from the Rising Sun, and of free ingress, egress, and regress into and out of the same, and the said Adam Baker's heirs and assigns forever." The road existed at the time of the partition proceedings, and was about 750 feet in length.

The Hoffman tract, owned by the Greenmount Cemetery Company, adjoins the Baker 59-acre tract, about 2 acres of it being inclosed in a cemetery. It and the ground not yet inclosed in the cemetery were in the occupancy and tenancy of Gallagher Bros., dairymen, who used this road or lane by way of the 59-acre tract to and from Second street. It further appears that a portion of the right had been cut off by a fence for more than twenty-one years.

William Howell, in 1868, owned both of these tracts and originated the cemetery company, and through him it became the owner. He had frequently talked to the plaintiff about the use he would make of the ground, and was encouraged to do so. Howell expended money upon the ground, and began to repair the lane when he was notified for the complainant to cease the use of the lane. Notwithstanding the notice, some further work was done.

The master held that there was no limitation or restriction upon the use to which the lane could be put, and that it could be used and repaired by the cemetery company so long as there was no interference with Harper's right to use.

He also held that the privilege of the use of the right of way did not extend to the Hoffman tract of 20 acres which was situated beyond the Baker tract; and further, that the portion of the right of way which had been cut off by fence for more than twenty-one years would extinguish the right of way to that extent. (The costs in the proceeding were divided.)

Exceptions to the report of the master were dismissed. Subsequently, the decree was amended by imposing all of the costs on the defendants. This appeal was then taken.

*Aaron Thompson* for the cemetery company.

*J. H. Shoemaker* and *L. R. Fletcher* for Harper.

PER CURIAM:

These three appeals by the cemetery company, and one by Harper, were all argued together. The cases appear to have been decided on correct rules of law and equity. The evidence justified the application of those rules. We are not able to find the court guilty of error in the conclusions at which it arrived. Therefore,

Decree in each case is affirmed, at the costs of the respective party therein; and each appeal is dismissed.