## Ciocca v. Albanase

*Thomas J. Minnick, Jr.*, for plaintiff; *Martin L. Steiger*, for defendant.

PARRY, J., December 22, 1933.—This is a bill in equity in which the plaintiff prays the court to restrain the defendant from using a certain alleyway and to declare a certain gate constructed by the defendant to be a nuisance.

On the bill, answer and proofs the court makes the following

### Findings of fact

1. On May 3, 1898, Beneficient Building Association of Philadelphia owned a tract of land in the City of Philadelphia, including two adjacent lots, known as nos. 612 and 614 Kater Street.

2. The frontage of the two lots is on the south side of Kater Street. No. 612 lies to the east of 614 and is bounded on the east by a narrow street known as Marshall Street.

3. By deed dated May 3, 1898, the said Beneficient Building Association conveyed no. 612 Kater Street to one Annie Murphy. The description in the deed reads in part:

"Containing in front or breadth on Kater Street 19 feet 3½ inches and extending in length or depth southward . . . along the west side of a certain 12 feet wide street called Marshall Street 56 feet 6 inches, including on the rear end thereof a 2 feet 6 inches wide alley leading eastward into said Marshall Street. . . . Together with all and singular the buildings, improvements, streets, alleys, passages, ways, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging, or in any wise appertaining."

4. By another deed of the same date the building association conveyed no. 614 Kater Street to one William Flatley. The description reads in part:

"Containing in front or breadth on the said Kater Street 16 feet and extending of that width southward in length or depth 56 feet 6 inches, with the right of way by alley leading into Marshall Street. . . . Together with the free use, right, liberty and privilege of the said alley as and for a passage way and water course at all times hereafter forever."

5. The plaintiff is the present owner and occupier of no. 614 Kater Street, being the successor in title of William Flatley.

6. The defendant is the present owner and occupier of no. 612 Kater Street, being the successor in title of Annie Murphy.

7. The alley referred to in the deeds runs across the southernmost portion of premises no. 612 Kater Street. From 1898 to December 11, 1931, a fence with no gateway ran along the northern edge of the alley and separated it from the remainder of no. 612 Kater Street.

8. On December 11, 1931, the defendant constructed a gateway in the fence between the alley and his premises.

9. The defendant has not interfered with the use of the alley by the plaintiff.

## Discussion

In 1898, the two parcels of real estate involved in this controversy were both held by the Beneficient Building Association. It conveyed one together with a right of way over an alley constructed on the other.

The plaintiff contends that the granting of this easement left the building association, as owner of the servient tenement, and consequently its successors, without any right to use the alley or construct an entrance into it. There is nothing in the deeds from which this conclusion can be drawn. In Greenmount Cemetery Co.'s Appeal, 1 Sadler 371, affirming Harper v. The Greenmount Cemetery Co., 15 W. N. C. 172, it was held that where a tract of land is burdened with the easement of a right of way in favor of an adjoining tract, the owner of the servient tenement has the right of passage over the way and also the right to remove sand and gravel from the banks, provided he does not interfere with reasonable enjoyment of the way by the owner of the dominant tenement. No such unreasonable interference is alleged or proved by this plaintiff.

## Conclusion of law

The defendant is entitled to use the alley laid out across premises no. 612 Kater Street, Philadelphia, and to maintain an entrance into said alley.

98

*Decree nisi*

And now, December 22, 1933, it is hereby ordered, adjudged and decreed:
1. That the bill be and the same hereby is dismissed.
2. That the plaintiff pay the costs of these proceedings.

The prothonotary will enter this decree nisi and notify the parties or their counsel that unless exceptions thereto are filed within 10 days the said decree will become final in the case.