# Erb *versus* Brown et al.

69    216
f37SC 1222

1. A parol agreement between the owners of the servient and dominant tenements, will not extinguish a servitude created by deed; this can be only by deed or note in writing or operation of law.

2. A servitude by grant will not become extinguished by disuse unless accompanied by denial or other act to quicken its owner to assert his right.

3. The owner of a servient tenement by his will ordered it to be sold, and appointed the owner of the dominant tenement his executor, who sold the land at public sale with notice of the servitude: *Held*, that evidence that the purchaser afterwards, when the deed was about to be executed, refused to take or pay for the land with the servitude, and that the executor therefore abandoned it, was inadmissible in a suit as to the servitude.

4. The agreement to abandon being when the purchaser was bound to take the land, was without consideration, and not being an inducement to purchase held out by the executor, was not an estoppel.

May 24th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Lancaster county*: No. 85, to May Term 1871.

This was an action of trespass q. c. f., brought August 18th 1868, by Jacob L. Erb against Daniel G. Brown and Martin Kline.

The defendants pleaded that there was a right in John R. Buch, whose land adjoined the plaintiff's close, to maintain and repair water-pipes through the plaintiff's close to convey water on to the said Buch's land, and they justified as his servants, that

[Erb *v.* Brown.]

they had entered the plaintiff's close to repair the pipes which were decayed, obstructed, &c.

On the 2d of April 1803, Jacob Withers, owning the *locus in quo,* granted by deed to John Withers, who owned the land now owned by John R. Buch, the water of a spring on Jacob's land " with the free right and privilege to carry and convey the same by pipes and trunks to be laid under ground through the said Jacob Withers's land, from the said spring into and upon the said John Withers's land * * * together with free ingress, &c., for the said John Withers, his heirs and assigns, and his and their servants and workmen, for the purpose of laying and repairing the pipes and clearing out the channel," &c.   On the 25th of May 1809, Jacob Withers conveyed to Adam Stock in fee, " excepting and reserving out of the present grant for John Withers, his heirs and assigns," the water-right above mentioned.

On the same day John Withers conveyed his land to Daniel Royer in fee together with the water-right.   Royer, on the 3d of April 1810, conveyed to George Buch in fee together with the right; both in the same terms as in the original grant from Jacob Withers.

On the 2d of July 1825, Adam Stock devised the Jacob Withers tract to his son George Stock in fee.   George Stock, by his will, proved August 28th 1832, directed this land to be sold by his executor after his youngest child came of age.   In the fall of 1852, George Buch, who was the executor, sold the land at public sale to Jacob S. Shirk, with notice of the servitude.   The deed was made to him on the 2d of April 1853.   On the 31st of March 1857, Shirk conveyed to Erb the plaintiff.

George Buch, by his will proved August 17th 1863, devised the John Withers tract to his son John R. Buch, under whom the defendants justify, in fee.

On the trial, February 22d 1870, before Long, P. J., the respective titles of the parties as above stated were given in evidence.

The plaintiff proved the alleged trespass.

The defendants gave evidence that in digging, pipes were found between the spring and Buch's land, the water was running through them.   They gave evidence by William Rattew, who was present at the sale by Stock's executor, that Buch gave written notice that he claimed a right to a spring on Stock's premises, and to carry the water from the spring in pipes through them, and that witness afterwards told Erb of this notice.

A number of other witnesses testified that notice of Buch's claim to the water-right had been given at the sale.

They also gave evidence by a scrivener, that when he was drawing the articles between Shirk and the plaintiff for the sale of his land, the existence of the water-right was discussed between them; that Shirk said it was dead, and should be left out of the articles, and it was left out.

[Erb *v.* Brown.]

The defendants having rested, the plaintiffs in rebuttal offered to prove five different matters, of which it is important to state only the 3d, viz. :—

That George Buch (the executor of the will of George Stock), under whom John R. Buch now claims, in the year 1853, when he executed the deed to Jacob S. Shirk (under whom Jacob L. Erb now claims), desired to renew this claim of a water-right, and have it inserted in said deed. And the purchaser, Jacob. S. Shirk, refused to take or pay for this property with such an encumbrance upon it, and that George Buch then and there abandoned and gave up said claim, and agreed that Mr. Shirk should have the property clear of such encumbrance, and it was not inserted in said deed.

The court refused the offer and sealed a bill of exceptions.

The court directed the jury to find for the defendants; the jury found accordingly.

The plaintiff took out a writ of error, and in the Supreme Court assigned six errors; the 3d of which was rejecting that part of the offer above stated.

*S. H. Reynolds* and *J. H. Amweg* (with whom was *J. B. Livingston*), for plaintiff in error.—What George Buch said when about making the deed to Shirk would operate as an estoppel to him, and John R. Buch claiming under him would be bound by his declarations: Gratz *v.* Beates, 9 Wright 495; Willing *v.* Brown, 7 S. & R. 467; Maple *v.* Kussart, 3 P. F. Smith 348. Although selling as executor, he was owner of the dominant tract; his declarations were an abandonment of the servitude, and he was bound by them: Heard *v.* Hall, 16 Pickering 457; Washburne on Easements 542.

*T. E. Franklin,* for defendant in error.—An easement by grant is not lost by non-user: Angell on Waters, § 252; White *v.* Crawford, 10 Mass. 183; Arnold *v.* Stevens, 24 Pickering 106; Dyer *v.* Sandford, 9 Met. 395; Butts *v.* Ihrie, 1 Rawle 218; Nitzell *v.* Paschall, 3 Rawle 82; Kidder *v.* Kidder, 9 Casey 268.

The opinion of the court was delivered, October 9th 1871, by

WILLIAMS, J.—All the assignments of error have been abandoned with the exception of the third, and there is nothing of substance in this assignment. The servitude imposed on the plaintiff's land for the benefit of the defendant's estate was created by deed, and under the Statute of Frauds could not be assigned, granted or surrendered unless by deed or note in writing, or by act and operation of law. It could not be extinguished or renounced by a parol agreement between the owners of the dominant and the servient tenement: Dyer *v.* Sandford, 9 Met. 395.

[Erb v. Brown.]

Nor would it become extinguished by disuse, or lost by non-user: Curtis v. Keesler, 14 Barb. 511; Smiles v. Hastings, 24 Id. 44; unless there were a denial of the title, or other act on the adverse part to quicken the owner in the assertion of his right: Nitzell v. Paschall, 3 Rawle 82. Here the offer was to show not an extinguishment or surrender of the easement by deed, but a parol agreement by the defendant's ancestor that he would give up his claim to the easement, and that Shirk, the plaintiff's vendor, should have the property clear of the encumbrance. No consideration for the agreement to abandon or release the easement was offered to be shown; and without a consideration a parol release of the right would not be binding, and could not be enforced: Kidder v. Kidder, 9 Casey 268.

Nor are the facts stated in the offer sufficient to make out a case of estoppel. If the offer had been to show that Shirk was induced to bid for the servient tenement by the representations or agreement of Buch, the owner of the dominant tenement, that he would give up his claim to the easement, and that Shirk should have the property clear of the encumbrance, then Buch, and the defendant claiming under him, would be estopped from asserting title to the easement. But the evidence shows that Shirk had notice of the existence of the easement, and that he purchased the property at the executor's sale expressly subject to it. He could not, therefore, have been injured or prejudiced by the representation or agreement recited in the offer as having been made by Buch when he executed the deed, if any such representation or agreement was made, for he was only induced thereby to do what by his contract of purchase he was bound to do. As the offer, if proved, would not have availed the plaintiff, it was rightly rejected.

Judgment affirmed.