# Kraut's Appeal.

1. Fox conveyed a lot to Kraut, with a passage, without defining it, over his "remaining ground" to convey the filth from Kraut's privy ; part of his "remaining ground" was vacant and part occupied by a house in which Fox lived, he conveyed the vacant part, with special warranty, to Craig, without any reservation, and afterwards opened for the purpose through his house a passage, which Kraut used twice.   Fox's heirs were bound by this location and could be restrained from preventing Kraut from using the passage.

2. Although the construction of the grant might be that the vacant part was intended for the passage, the parties might define the limits by subsequent agreement, use and acquiescence.

3. The presumption was that Fox intended by his deed that Craig's lot should be discharged from the easement, and that it should be fixed on Fox's improved lot.

February 14th and 15th 1872.   Before AGNEW, SHARSWOOD and WILLIAMS, JJ.   THOMPSON, C. J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Philadelphia*: In Equity : Of July Term 1871, No. 68.

The bill was filed at December Term, 1869, of the Common Pleas, by John G. Kraut against William Fox, Rachel Fox, John Nace and Sarah Nace : afterwards Matthew Craig was added as defendant.

The bill averred that on the 14th of July 1859, Frederick Fox conveyed to the plaintiff a messuage and lot of ground on the south-westerly side of Savery street in Philadelphia, and extending south-westerly 60 feet, bounded on the north-east by Jacob Kurtz ;

south-west by other land of Fox; south-east by Eliza Miller "with the right, &c., of a passage-way into Marlborough street, over and across the remaining ground of the said Frederick Fox, adjoining the lot thereby granted on the south-west for ever thereafter whenever, &c., the same might be required for the purpose of conveying the filth from the privy-well sink on the said thereby granted lot into the said Marlborough street," that the defendants' title was under Frederick Fox, and was bound by the said grant of a passage-way ; that the lots of William Fox, Sarah Nace and Matthew Craig were part of the "remaining ground" of Frederick Fox adjoining the plaintiff's premises, and they derived their title from Frederick Fox by deed dated subsequently to the conveyance to the plaintiff; that the plaintiff's privy-well was full of filth, and he had been notified by the Board of Health to remove the same, that he had so notified the defendants, but they refused "to let him use the said passage-way although a passage and entry was made and left open over, across and through the premises of the defendants, William Fox and Sarah Nace, for the express purpose of being used for clearing and carrying away the filth from said privy-well, and they had threatened complainant with violence, &c., if he attempted to proceed through said passage-way and entry," &c. ; that the defendants William Fox, Rachel Fox, John Nace and Sarah Nace were preventing him from carrying away, &c., as he had the right to do.

The prayer was that the defendants be restrained from preventing his removing the filth, &c., and for further relief.

William Fox, Rachel Fox, John Nace and Sarah Nace answered that they resided on the property on Marlborough street, which belonged to Sarah Nace and William Fox, and on which is erected a house "for over forty years," covering the whole front of the lot. The property adjoining on the northwardly side at the date of the conveyance to the plaintiff had no building on it and was then the property of Frederick Fox, from whom these respondents derived title : there was a fence between the plaintiff's property and this adjoining property in which was a gate from plaintiff's lot to the adjoining ground, which these defendants averred was the "remaining ground of Frederick Fox :—this ground belonged to Matthew Craig. These defendants denied that Frederick Fox made a passage in his house to carry the filth through the house now belonging to them ; there was an entry through the house made by Frederick Fox for the convenience of his family ; Frederick Fox in his lifetime and these defendants since his death, denied the claim made by the plaintiff. These defendants denied the right of the plaintiff to carry the filth through the entry ; denied that Frederick Fox conveyed such right to the plaintiff, or that the words "over and across the remaining ground" gave the plaintiff the right to carry through the house.

Craig answered, admitting according to his belief that Frederick Fox conveyed the premises and passage-way to the plaintiff as stated in his bill.   On the 24th of August 1860, Frederick Fox conveyed to this defendant free from any condition or reservation a lot of ground on the north-east side of Marlborough street and at that time Frederick Fox owned a lot and messuage adjoining the defendant on the south-east; Frederick Fox died intestate in possession of the said messuage and lot and seised of them, and the other defendants were his heirs.   About the time of the sale by Frederick Fox to this defendant, he had opened an entry or passage " through, over and across his remaining ground, that is to say over and through the messuage and lot of ground, which he himself occupied, and which adjoined " this defendant's lot; that this passage was once or more used by the plaintiff during Frederick Fox's lifetime " with his knowledge and consent and in exercise of the privilege granted to the plaintiff for the purpose of conveying the filth, &c., into Marlborough street."   No such way had ever been opened over this defendant's premises; the plaintiff never used his lot or claimed the right to do so in exercise of his privilege; but " the passage or alley above set forth was selected and used by Fox and the plaintiff for that purpose."

This defendant set out his legal defence as follows:—

" 1. That the plaintiff being the grantee of Frederick Fox, of a privilege or right of way over the remaining ground of Fox, and such way at first indefinite, having been designated or agreed upon or fixed by use and acts of acquiescence of the parties, it cannot be changed by the plaintiff or by the heirs of Frederick Fox, or by any one else to my prejudice.

" 2. That having purchased my lot of Frederick Fox, clear of encumbrance and without condition or reservation; as between the heirs of Frederick Fox and myself, the plaintiff's privilege must be exercised over the ground of which Frederick Fox died seised."

A replication was filed, and Joseph T. Ford, Esq., was appointed examiner.

Before him Lewis Holsworth testified that Kraut had carried his filth over Fox's property: that Frederick Fox, the father of William Fox, and Sarah Nace had told witness that the man who bought the property next to him would not have bought it if the alley had been on the other side, and that he told Kraut that the passage-way for carrying the filth was the entry through the house; the property " on the other side " was an open lot; Kraut had used this entry for the purpose twice to Marlborough street; Kraut always claimed the right, and Frederick Fox never said anything against it.   Craig was the owner of the lot "on the other side."

Kraut the plaintiff testified that when he first purchased, he carried the filth through the lot now Craig's: Craig bought about

[Kraut's Appeal.]

a year afterwards, and closed the entrance into his lot, and on speaking to Fox he told him he would give him an outlet and make an entry through his house; he did so and Kraut used it twice for carrying the filth and nobody stopped him.

Other witnesses testified that Fox had made the entry, on purpose to carry the filth of Kraut through it, and that Kraut had used it for that purpose twice.

Mrs. Nace and William Fox are the children of Kraut's grantor.

The conveyance from Fox to Kraut was July 14th 1859, as set out in the bill; from Fox to Craig August 14th 1860.

The court awarded an injunction against Craig, restraining him from preventing Kraut from carrying his privy filth across his, Craig's, lot, and refused the injunction as to the other defendants. Kraut appealed to the Supreme Court, and assigned for error the refusal of the injunction against the latter defendants.

*R. P. White* (with whom was *G. H. Earle*), for appellant.— Where a right of way by deed is without fixed limits, the use of the way acquiesced in by the grantor is deemed to be that intended to be granted: Gale and Whately on Easements 344; Hall *v.* Fuller, 2 Vermont 199; Washburne on Easements 41, 185; Comyn's Dig. *Chimin* D. 5; Wynkoop *v.* Berger, 12 Johnson 222; Stone *v.* Clark, 1 Metc. 371; Jennison *v.* Walker, 11 Gray 423; Katmuller *v.* Krotz, 18 Iowa 352; Jones *v.* Percival, 5 Pick. 485; Lefevre *v.* Lefevre, 4 S. & R. 241.

*E. H. Weil*, for appellees.—The right to pass through defendants' house could not be shown by parol: Barnet *v.* Dougherty, 8 Casey 372; Richardson *v.* Campbell, 1 Dall. 10; Litle *v.* Henderson, 2 Yeates 295; McWilliams *v.* Martin, 12 S. & R. 269; Collam *v.* Hocker, 1 Rawle 108; Shepherd *v.* Watson, 1 Watts 35. A writing relating to lands cannot be varied by parol: Seitzinger *v.* Ridgway, 4 W. & S. 472; Simpson *v.* Murray, 2 Barr 76; Woods *v.* Wallace, 10 Harris 171; Best *v.* Hammond, 5 P. F. Smith 412.

The opinion of the court was delivered, October 17th 1872, by

WILLIAMS, J.—Under the deed of Frederick Fox, of July 14th 1859, the appellant is clearly entitled to a passage-way, from the premises thereby conveyed, over and across the grantor's remaining ground to Marlborough street, for the purposes specified in the conveyance. The right of way is expressly granted, but its precise location and limits are not fixed and defined by the deed. Looking to the general terms of the grant and the condition of the ground at the date of the deed, the reasonable construction and inference would seem to be, that the parties intended that the right should be exercised over that part of the ground which was

then vacant. But it was competent for them to define the location and determine the limits of the passage-way, which were undefined by the deed, by subsequent agreement, use and acquiescence. When, therefore, the appellant's grantor, on the 14th of August, 1860, sold and conveyed the adjoining vacant ground to Matthew Craig, with covenant of special warranty, without subjecting it to the burden of the right of way previously granted and conveyed to the appellant, the fair presumption is, that he intended that Craig should take the land discharged from the burden of the easement, and that it should be fastened on the improved land of which he was still the owner. The evidence shows that, soon after the date of this conveyance, Fox agreed to open an entry in his house leading out to Marlborough street, for the purpose of enabling the appellant to exercise the right of way to which he was entitled by the terms of his deed. That he subsequently opened an entry through his house to Marlborough street in order to provide a passage-way as agreed, and that the appellant used it during the lifetime of Fox, for the purposes expressed in the deed, is satisfactorily shown by the testimony of Louis Holsworth, corroborated, as it is, by the testimony of Philip Rothfuss, John Miller, and Edward F. Nace, one of the defendant's witnesses. Under the circumstances, it is manifest that Frederick Fox, if he were living, could not with any justice or equity, insist that the right of way granted to the appellant should be exercised over the lot which he subsequently sold and conveyed to Craig; and if not, then the appellees have no right to insist that the burden of the servitude shall be imposed on Craig, who bought the property from their ancestor and paid him a full consideration for it. Under the pleadings and proofs in this case the appellant is clearly entitled to the right of way over the appellees' lot, as fixed and defined by their ancestor, and as used in his lifetime. The court below, therefore, erred in awarding an injunction against Craig, and dismissing the bill as to the appellees. The bill should have been dismissed as to Craig, and a perpetual injunction awarded as against the appellees who claim title as heirs of Frederick Fox, to the lot on which he imposed the easement claimed by the appellant.

And now, October 17th 1872, it is ordered, adjudged and decreed, that the decree of the court below be, and the same is hereby reversed and set aside; and it is now further ordered, adjudged and decreed, that the appellant's bill of complaint be dismissed as against Matthew Craig, one of the defendants named therein, and that a perpetual injunction do issue against the appellees, the other defendants named in the said bill, as prayed for by the appellant, the complainant therein; and that the costs of this appeal be paid by the appellees, William Fox, Rachel Fox, John Nace, and Sarah Nace.