## The March-Brownback Stove Co. *v.* Alice Evans, Appellant.

*Right of way created by grant.*

Rights of way when created by express grant are appurtenant to all and every part of the land conveyed; they are not, like implied ways or ways of necessity, lost by the cessation of the necessity on the opening of a public road.

*Right of way defined by use—Obstruction thereof.*

Where a right of way existing by grant has not its precise location and limits fixed or defined by the deed it is competent for the parties to define the location and determine the limits of the right of way by subsequent agreement, use or acquiescence.

In the case at bar rights of way conferred by grant were located by use and acquiescence. A public road which was opened did not cover one of the ways as used and located, except in a small part. *Held,* that the plaintiff was entitled to a directed verdict in action for the obstruction of the way.

Argued Dec. 6, 1898. Appeal, No. 22, Oct. T., 1898, by defendant, from judgment of C. P. Montgomery Co., June T., 1897, No. 160, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass. Before WEAND, J.

The facts sufficiently appear from the charge of the court below:

This action is brought to recover damages nominally for the obstruction of a right of way. It appears that in 1866 Benjamin Frick being the owner of a large tract of land at what is now called Linfield, in this county, conveyed part of it to the predecessors in title of the present plaintiffs, and in that deed he reserved to his grantees (that is to these plaintiffs' predecessors in title) a right of way leading from the public road to the northwest corner of the premises then granted, and also a right of way or entrance by way of the depot buildings.

Subsequently he granted the remaining portion of this land to the predecessors in title of the defendant, and in the deed he also reserved these same rights of way. Now you can understand why that was done. He had sold an interior portion of this land, and in order that the purchasers, that is the plaintiffs, might get to the land over his land from the public road he gave them a right of way; and in order that they might get from the lower part of the ground to the depot over his land, also granted them that right of way.

A right of way can be granted in various ways. Where a landholder sells property to which there is no access except over his other land the purchaser would have the right to cross his other land to get to the purchased property whether it was mentioned in the deed or not; and this from the very necessity of the case, because the law could not assume that I could sell your foreman land and yet prevent him from getting to it if the only way was over the remaining portion of my land.

When, however, the necessity for thus crossing my land ceased that right of way would also cease. But in this case that rule does not apply for the reason that the right of way was created expressly in the deed and therefore it would not cease merely because there was no further necessity for it. It would be as much a title, being created by the deed, as much a title to the right of way as there would be a title to the land itself.

In this case therefore you will see that although there was a public road laid out which might supply this right of way, that in itself would not extinguish this grant unless the public road was laid out over the same ground covered by the right of way.

Now when a right of way is not defined by metes or bounds or lines the parties themselves can define it by their actions. It has been testified to you and the deed shows that originally

this grant was from the public road to the northwest corner of the plaintiff's property. But the plaintiffs erected a building here and then they used what has been testified to as almost a straight line from the points A to B which would be down here. It was irregular. And from 1866, or from whatever time after the creation of the right of way up until this defendant closed this up, that was the course pursued. So that no matter what the deed may have said the testimony shows that the plaintiffs and their predecessors in title, and Benjamin Frick and Mr. Evans to whom he sold and this present defendant, regarded that as the proper right of way.

It appears that after this public road was laid out this defendant conceived the idea that she could locate the right of way, because she says in her testimony that she thought she had the right to place it where she pleased, or those words pretty nearly, and that she would put it where she pleased and that she put it on the public road. Now there is no testimony in the case whatever to show that this public road supplies to any considerable extent this right of way extending from A to D; it does cover a small part of it but it does not cover the full extent of the right of way or any such considerable part as would destroy · the rights of the plaintiff in this case; and where the evidence on that point is practically undisputed the jury would have nothing to do except to render a verdict in favor of the plaintiff.

As to the lower right of way, there has been some dispute as to where that exactly was. On the part of the defendant it is contended that in going on to that right of way they passed over the plaintiff's property to a point which would bring them exactly on the ground now occupied by the public road; but the evidence also shows that it would diverge then slightly to the south and be off part of the public road.

In this reservation in the deed from Benjamin Frick this also occurs: "And also a right of way or entrance by way of the depot buildings for the use of the said foundry in common with the said Benjamin Frick, his heirs and assigns forever. Reserving for the use of the said Benjamin Frick, his heirs and assigns, in common with the owners of said foundry, a part of the hereby granted premises lying between the foundry and railroad, for the purpose of turning wagons and teams whenever needful to haul coal from the adjoining coal-yard of the said Benja-

min Frick, provided that the said privilege of turning ground for wagons shall not interfere with any buildings or improvements the owners of the aforesaid granted premises may at any time hereafter wish to make."

Now it has been testified to that the foundry buildings are here (designating on draft). In this deed Benjamin Frick sold to this line, he still owned this on which the coal yard was located, and he reserved to himself the right to go in here with his wagons and turn for the purpose of getting in and out of this coal yard. When the jury come to determine as to where the predecessors in title of the plaintiffs and the plaintiffs themselves left their premises to get on to this right of way, you will consider as to whether Benjamin Frick and the plaintiffs did not regard this as the right of way; whether Benjamin Frick having reserved this his right to go in and out with wagons to travel over it, whether that was not the point designated or intended by these parties as the point of exit on to this right of way. If they did it could make no difference that at times the plaintiffs went out here (designating on draft). If there is anything to show that this was the portion of ground traveled by these parties and that it was not covered by this new public road (and the testimony is that it is not covered entirely by that, that there is an extent of ground here), and the defendant has closed this up, she has obstructed this right of way and your verdict would have to be in favor of the plaintiffs.

The facts in this case being so few, it is not necessary for me to enlarge upon them any longer, simply to say to you that under this evidence your verdict must be in favor of the plaintiffs for at least nominal damages, inasmuch as the undisputed testimony is that the right of way from the public road into these premises has been obstructed. This suit has not been brought to punish this defendant in order to make her pay smart money, but it simply is to establish a right which might be lost if these plaintiffs allowed these fences to be up and laid by for a certain number of years without disputing her right to close it up, and other contentions might arise. Therefore no matter what you may think as to the morality of this thing your duty under the law is to decide it according to the evidence and according to the law as given you by the court. Therefore even although you should render a verdict in favor

of the plaintiffs it simply establishes their right to use this right of way when they want it. It does not necessarily follow that they will do so, but simply that they have a right to do so, and inasmuch as thay do not claim any damages except nominal damages, as they are called, and the suit is simply brought to establish the right, [your verdict should be in favor of the plaintiffs for six cents damages and six cents cost.] [1]

The defendant asks the court to charge the jury as follows:

[1. That if the jury find that the rights of way in question reserved in the deeds were the only ways of ingress and egress to and from plaintiffs' property to the depot and public highway, and remained in such use up until the laying out of the present public highway, which now supersedes the necessity of using said rights of way, the verdict must be for the defendant. *Answer:* As the right of way was created by deed the point is refused.] [3]

[2. If the jury find that the reserved rights of way as exercised by plaintiffs were shifting and not steadily used in any certain or definite location, and further find that the public highway as laid out is in great part upon and over the portion of the rights of way as used by plaintiffs, and further, that the present public highway supersedes the necessity of the old right of way, the verdict must be for the defendant. *Answer :* As the right of way was created by the deed the point is refused.] [4]

3. Under all the evidence in this case the verdict must be for the defendant.

Verdict for plaintiff for six cents damages and six cents costs. Defendant appealed.

*Errors assigned* were (1, 2) in directing a verdict in favor of plaintiff for six cents damages and six cents costs. (3) In answer to defendant's first point, reciting point and answer. (4) In answer to plaintiff's second point, reciting point and answer. (5, 6) In rejecting questions asked on cross-examination of James Brownback, president of the plaintiff company, as to his testimony given before the jury of view, which questions were objected to by plaintiff and excluded on the ground of being incompetent and irrelevant.

*N. H. Larzelere*, with him *M. M. Gibson*, for appellant.—The

testimony of appellant's witnesses was full, to the point, and practically undisputed, that the public road was built over and upon the very right of way used by appellee during all these years in getting to and from its property. It was, therefore, a question of fact to be submitted to the jury to determine where the right of way as actually used was located: Philadelphia & Reading Railroad Company v. Obert, 109 Pa. 193.

Easements by grant as well as arising through implication of law may be lost, superseded or extinguished, according to the acts and intentions of the parties, and the circumstances of the particular case, which, of necessity, sends the case to the jury: Snell v. Levitt, 110 N. Y. 595. See also note to Illinois Central Co. v. Houghton, 1 Law. Rep. Ann. 213.

It was proved that after opening the new road appellee used that alone, and that it supplied the only natural and easy way of entrance to and from its property. It was, therefore, for the jury to find whether the necessity further existed of appellant keeping open her entire property or whether the public highway was substituted for the private way and intended to be used instead: Wissler v. Hershy, 23 Pa. 333. See also Viall v. Carpenter, 80 Mass. 126; Washburn on Easements, 163–165.

*Montgomery Evans,* with him *Henry M. Brownback,* for appellee.—If these private ways were ways of necessity, having their existence by implied and not by express grant, appellant's contention would be sound. But the law is entirely different as to ways by express grant. No authority has been cited by appellant to support her reasoning, because her learned counsel could find none.

Where land is granted with a right of way, the right is appurtenant to every part of the land, however small: Watson v. Bioren, 1 S. & R. 227; Gunson v. Healy, 100 Pa. 42; Ehret v. Gunn, 166 Pa. 384.

The recital in deed to the defendant of the two rights of way over her land estops her from denying the right of plaintiff: Ehret v. Gunn, 166 Pa. 384; Meyer v. Young, 7 W. N. C. 60.

If an easement is created by grant, it does not cease, although the necessity for it ceases: Atlantic Mills v. Mason, 120 Mass. 244.

However general the words of an ancient grant may be, it is to be construed by evidence of the manner in which the thing granted, has always been possessed and used; for so the parties thereto must be supposed to have intended : Hogg v. Bailey, 5 Pa. Superior Ct. 426 ; Kraut's Appeal, 71 Pa. 64.

The evidence warranted the verdict as to the obstruction of both ways. If the evidence had supported plaintiff's contention as to only one, the verdict must have been the same.

OPINION BY WILLIAM W. PORTER, J., March 23, 1899 :

This action is for nominal damages for the obstruction of two rights of way. Had they been ways of necessity only, they would have ceased on the opening of the public road, giving access to the places to which the ways led. When land is conveyed, to which the vendee cannot have access without going over the land of the vendor, a right of way is implied, and of necessity becomes appurtenant to the land conveyed so long as the land cannot be enjoyed otherwise, but the vendee may lose this right by cessation of the necessity on which it was founded : Wissler v. Hershey, 23 Pa. 333.

The rights of way, however, which in this case are alleged to have been obstructed, are not implied ways or ways of necessity. They were created by expressed grant. Rights, when so created, are appurtenant to all and every part of the land conveyed, and the person, to whom any part may be conveyed, is entitled to the right of passage : Watson v. Bioren, 1 W. &. S. 227 ; Gunson v. Healy, 100 Pa. 42 ; Ehret v. Gunn, 166 Pa. 384.

Where a right of way is expressly granted and its precise location and limits are not fixed or defined by the deed, it is competent for the parties to define the location and determine the limits of the right of way by subsequent agreement, use and acquiescence : Kraut's Appeal, 71 Pa. 64.

In the present case the ways were located by use and acquiescence. It is conceded that the public road, as opened, did not cover one of the ways, as used and located, except in small part. There is, as to this right, therefore, no question as to its preservation to the plaintiff, who was entitled to a directed verdict for the nominal damages claimed. The defendant, however, contends that the way to the depot, as located by use, was shown by the testimony to be covered by the public road as

constructed; and that if the testimony was conflicting as to location, the question should have gone to the jury. An examination of the testimony convinces us that the trial judge was justified in saying that the evidence is practically undisputed that the public road does not cover the full extent of the right of way. But further than this, the defendant herself admits that she testified in her suit against the county for damages for the opening of the public road, that this right of way was through the coal yard, "not where the road is at the present time. It was across my property, but not where the road is now." In explanation, she now says, she was advised that she could put the right of way just where she pleased; and adds, "Now I please to put it in the public road." On this testimony, a trial judge would not be warranted in sustaining a verdict for the defendant, finding that the location of the road covered fully the private right of way.

There is no substance in the fifth and sixth assignments. The evidence offered would be no defense to the present action

The judgment of the court below is therefore affirmed.