## Citizens' Electric Company, Appellant, *v.* Davis.

*Deed—Deed of partition—Easement—Right of way.*

1. Where several tenants in common of a tract of land execute a deed of partition of the land, and in the deed provide that certain roads thereon "shall be used, enjoyed and maintained by the parties hereto, their heirs and assigns forever hereafter as perpetual easements over the several purparts which the same may cross," the way thus provided for is not one by implication or necessity, but by express grant, and is appurtenant to every part of the land with which it is connected and the right to its use passes to every one to whom any part of that land is thereafter conveyed.

2. A right of way cannot be destroyed by mere nonuser. Adverse occupancy for the statutory period must be added to nonuser by the dominant owner in order to extinguish an easement.

3. Where a deed of partition of land reserves to all the parties thereto a right of way over an existing plank road on the land divided, the mere destruction of the planks by a flood and the failure to replace them, does not extinguish the easement, and this is especially so where the deed contains a mutual covenant for repairs.

4. The remedy for an unauthorized use of a right of way is by action. Such use does not justify an obstruction of the way.

Argued March 1, 1910. Appeal, No. 1, Feb. T., 1910, by plaintiff, from judgment of C. P. Lycoming Co., June T., 1906, No. 5, on verdict for defendant in case of Citizens' Electric Company v. Ernest H. Davis, Trustee. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Trespass to recover damages for obstructing a right of way. Before HART, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Herbert T. Ames* and *John G. Reading,* with them *Thos. H. Hammond* and *R. F. Allen,* for appellant.—Appellant's counsel contend that Corey v. Edgewood Boro., 18 Pa. Superior Ct. 216, is decisive of the case at bar.

The covenant creating the easement having been made by the parties to a deed of amicable partition, which parted and divided the land crossed by the plank road, the easement is presumed to be appurtenant to the land and this presumption is not rebutted by anything contained in the deed: Winston v. Johnson, 42 Minn. 398; Bowen v. Conner, 60 Mass. 132; Dennis v. Wilson, 107 Mass. 591.

The law is plain that ways are never construed as personal where they can be construed as appurtenant to the land: Whitney v. Ry. Co., 77 Mass. 359; Horner v. Keene, 177 Ill. 390; Kent Mfg. Co. v. Long, 111 Mich. 383; Johns v. Davis, 76 S. W. Repr. 187.

The deed of amicable partition of January 30, 1858, being a link in the chain of defendant's title to the land

allotted to B. H. Taylor et al., reserving the plank road as an easement, the defendant in accepting title became bound by the reservation in the deed, and is estopped from denying its existence: Winthrop v. Fairbanks, 41 Maine, 307; Newell v. Hill, 43 Mass. 180; Blood v. Crew Levick Co., 177 Pa. 606; Old Colony Trust Co. v. Transit Co., 192 Pa. 596; Watson v. Bioren, 1 S. & R. 227; Ehret v. Gunn, 166 Pa. 384.

If the plank road was appurtenant to the land conveyed, then the rights was appurtenant to all the land conveyed and.the plaintiff had a right to use the road for any purpose for which it may from time to time be legitimately applied: Gunson v. Healy, 100 Pa. 42; Stove Co. v. Evans, 9 Pa. Superior Ct. 597; Ehret v. Gunn, 166 Pa. 384; Lewis v. Carstairs, 6 Whart. 193.

The plaintiff had not and could not loose its right to the way except by a grant of equal solemnity, to that creating the easement, or adverse possession sufficient to constitute a prescriptive right. Mere nonuser would not bar plaintiff's right if proven: Richmond v. Bennett, 205 Pa. 470; Erb v. Brown, 69 Pa. 216.

*Addison Candor,* of *Candor & Munson,* for appellee.— The easement here is created by express grant. It is plainly and unambiguously set out in the deed. It is a "plank or railroad from the sawmills to the Pennsylvania Canal," to be "used, enjoyed and maintained" by the parties, their heirs and assigns, as a "perpetual easement." It is no more, no less than and nothing different from this. The rule of law is that the grant of an easement is to be strictly construed: Stevenson v. Stewart, 7 Phila. 293.

The grant of the easement in this case was for a "plank or railroad" on the location described. The easement in this case, relied upon by appellant as established by the deed, calls for the use, enjoyment and maintenance of a plank or railroad from the sawmills to the Pennsylvania canal, and both termini, by the appellant's own testimony, having been long since abandoned, the purpose

for which said easement was established no longer exists, and the declared reason and necessity therefor having ceased, the easement is terminated, and there could be no recovery by the appellant in this action against the appellee: Hahn v. Baker Lodge, 21 Oregon, 30 (27 Pac. Repr. 166).

The plaintiff may lose his right afterwards as well as before by abandonment, surrender, release or cessation of the necessity on which it was founded: Wissler v. Hershey, 23 Pa. 333.

OPINION BY HENDERSON, J., October 10, 1910:

The title under which the plaintiff claims is found in a covenant contained in a deed between L. A. Ensworth and W. C. Bronson of the one part and B. H. Taylor, H. S. Brooks and D. H. Tuthill of the other part, dated January 30, 1858. The words of the covenant are as follows: "And it is further hereby covenanted that the road twenty feet in width on the north side of the platform in front of the saw mills erected on the premises above described; also the road along the northern shore of the headrace, and also the plank or railroad (from the saw mills to the Penna. Canal) along and on the Western bank of the canal and basin erected on the premises aforesaid shall be used, enjoyed and maintained by the parties hereto, their heirs and assigns forever hereafter as perpetual easements over the several purparts which the same may cross." The parties to this deed were tenants in common of a tract of land with a sawmill and other buildings thereon which property they divided by the deed referred to. The land was divided into two purparts, the first of which was allotted to the first parties and the second, to the second parties to the deed. This action was brought to recover damages for an obstruction to the "plank or railroad (from the saw mill to the Penna. Canal) along and on the Western bank of the canal and basin erected on the premises aforesaid." Part of this road was on the first and part on the second allot-

ment. It had been used for a long time before the partition in connection with the business carried on on the premises and was so used thereafter until 1889 in which year a flood carried away the mill and the planks on the road and destroyed the canal. A portion of the property by divers conveyances afterward came into the possession of the plaintiff and another part was acquired by the defendant. The plaintiff's right depends on the effect to be given to the provision of the deed creating the right of way. It will be observed that this provision is a mutual covenant. The way was not exclusively on the land of either of the parties to the partition. It was beneficial to each, however, and the object of its continuance is obvious. Each of the parties to the deed had a right of passage over the whole of the common property before the partition. Although not the owner of the whole he had an undivided interest in all and was not subject to restraint in its use. It was within the power of all of the owners in agreeing to an allotment in purparts to except a portion of the whole from the effect of the division and to agree that as to the excepted part the right of way should exist in behalf of all of the parties to the deed as it had existed when the property was held in common. As to this excepted way neither of the parties acquired the right to an exclusive use but all had the right of passage as they had before the division. This right of passage was not only given to the parties to the deed but was made a subject of inheritance and sale and was declared to be a perpetual easement over the purparts which it crossed. The way thus provided for was not one by implication or of necessity, therefore, but existed by express grant. It was appurtenant to every part of the land with which it was connected, and the right to its use passed to every one to whom any part of that land was thereafter conveyed: Watson v. Bioren, 1 S. & R. 227; Gunson v. Healy, 100 Pa. 42; Stove Co. v. Evans, 9 Pa. Superior Ct. 597. Such an easement concerns the premises and inheres in the land and passes by deed: Washburn on Easements (4th ed.),

115. The covenant contains no restriction of the uses to be made of the road, and the presumption is that those beneficially interested therein may use it for the enjoyment of the land to which it is annexed. This enjoyment may vary with changing conditions of the property, but the right is appurtenant to the soil in the absence of clear restrictions. As this way existed by grant and was used by all the parties to the deed for a long time the inquiry arises, How has the right been lost by the plaintiffs so that the defendants may erect an obstruction thereon without liability? Generally speaking, an easement created by express grant cannot be destroyed without a new grant of equal solemnity or adverse possession continuing long enough to create a prescriptive title: Erb v. Brown, 69 Pa. 216; Richmond v. Bennett, 205 Pa. 470; Dyer v. Sanford, 50 Mass. 395. Nor can it be destroyed by nonuser: Curtis v. Keesler, 14 Barb. 511; Smiles v. Hastings, 24 Barb. 44; Erb v. Brown, 69 Pa. 216. Adverse occupancy for the statutory period must be added to nonuser by the dominant owner in order to extinguish the easement. It is argued that the grant was of a plank road and that as the planks were swept away by the flood and never replaced the right ceased to exist. It will be observed, however, that the way was not created by the deed. It had been in existence for a long time before that instrument was executed and was used by all of the owners of the property. Planks were laid on it to increase ease of transportation. When they were laid does not appear, but the planks did not create the way; they improved it. The way was annexed to the land and the planks were an incident merely. It cannot be doubted that the object of the covenant entered into was to pass to the owners of each of the purparts a right of way suitable for their convenience as proprietors, and the words used must be considered as subsidiary to the main purpose and no construction should be given the language used which would defeat the grant. It could with equal logic be contended that the easement would be extinguished by the destruction of the planks by decay and hard usage.

The way was a plank road at the time the partition was made and it was appropriately and definitely indicated and described in the language adopted by the parties, but it was obviously not the intention of the owners that it could only exist as a plank road and that if through neglect or consent the planks were not renewed the easement was to become extinguished. The evidence shows that the roadway is still there although the planks have not been replaced. Moreover, there was a mutual covenant for repairs, and certainly neglect to repair could not work a loss of the right where both parties were equally negligent. The covenant does not contain an implied condition that the road would be only used as a way for the transportation of lumber from the sawmill to the canal. The words "from the saw mill to the Penna. Canal" were inclosed in brackets in the deed and were clearly intended to be descriptive of the road and not of the uses to be made of it. Taking all of the terms of the covenant into consideration there is little room for doubt that the parties intended to reserve an open road as it then existed for their mutual use. The uncontradicted evidence shows that this extended to a point about fifty feet from the canal and then turned eastwardly to Hepburn street and it was thus an outlet to those public thoroughfares, and was intended to be a means of access to each of the shares allotted to the parties to the deed. The covenant for the continuance of the road is not ambiguous and cannot be regarded as making its perpetuation depend on the fact that planks are laid on the ground along which the way is located. This is the more evident from the fact that in that part of the deed immediately preceding the agreement as to the road there is a provision for the use of the headrace in common by the parties to the deed, their heirs and assigns, in which there is an express restriction of the use to the mills then erected or thereafter to be erected on the premises. It thus appears that the parties understood the effect of a restriction and applied it to the water privilege but omitted it from the covenant with reference to the road.

Moreover, it was agreed that this road should be a perpetual easement, and it is unreasonable to suppose that the parties contemplated that the property should always remain in its then existing condition or that the mills should be forever maintained for the manufacture of lumber. Corey v. Edgewood Boro., 18 Pa. Superior Ct. 216, is a similar case in which a like conclusion was reached.

It is not an answer to the plaintiff's claim to say that it has used or proposes to use the way in a manner different from that allowed by the deed. The defendant cannot justify an obstruction of the way on any such ground. The remedy for an unauthorized use is by action. There is no pretense that the way has been surrendered by grant or extinguished by adverse possession, nor has any other available defense been introduced sufficient to defeat the plaintiff's claim. We, therefore, feel bound to reverse the judgment non obstante veredicto entered in favor of the defendant.

The judgment is reversed and judgment is now entered in favor of the plaintiff on the verdict.