# Citizens Electric Co. v. Lycoming-Edison Co., Appellant.

*Equity—Easements—Obstruction of right of way—Trespass—Recovery of judgment—Bill for injunction—Res adjudicata.*

Where in a suit in equity to compel defendant to remove a railroad embankment which it had built across a right of way claimed

by plaintiff it appeared that in an action of trespass against defendant's grantor, for maintaining the obstruction complained of, plaintiff had recovered a judgment and that such obstruction had been maintained by defendant in the same condition as at the time of the commencement of such action of trespass, the right of the plaintiff and the violation thereof by defendant were res adjudicata and a decree awarding the relief prayed for was proper.

Argued Feb. 15, 1915. Appeal, No. 257, Jan. T., 1914, by defendant, from decree of C. P. Lycoming Co., June T., 1913, No. 1, in equity, awarding an injunction, in case of Citizens Electric Company v. Lycoming-Edison Company. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before WHITEHEAD, P. J.

The opinion of the Supreme Court states the facts.

The court awarded a mandatory injunction directing defendant to remove certain obstructions from the right of way. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*Alex. Simpson, Jr.,* with him *Candor & Munson,* for appellant.

*John G. Reading,* with him *R. F. Allen,* of *Reading & Allen,* and *Herbert T. Ames* and *Thomas H. Hammond,* of *Ames & Hammond,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 29, 1915:

This is a bill for an injunction enjoining and directing the defendant to remove obstructions from a right of way.

The predecessors in title of the parties to the suit were tenants in common of about ten acres of land lying along the West Branch of the Susquehanna river and

now situate in the City of Williamsport, and in January, 1858, by a deed of amicable partition it was divided into two purparts. One of the purparts is now the property of the plaintiff, and the other, the property of the defendant in this suit. Prior to and at the time of the amicable partition, the parties to the deed had constructed and were maintaining and using a plank road or right of way over and across the land from a saw mill to the Pennsylvania canal along and on the western bank of the canal and basin erected on the premises. The deed in question contains the following covenant: "And it is further covenanted that the plank or rail road from the saw mill to the Pennsylvania canal along and on the western bank of the canal and basin erected on the premises aforesaid shall be used, enjoyed and maintained by the parties hereto, their heirs and assigns, forever hereafter as a perpetual easement over the several purparts which the same may cross."

In March, 1906, the plaintiff company brought an action of trespass against Ernest H. Davis, trustee, in the Court of Common Pleas of Lycoming County and averred in the statement as its cause of action that it had suffered damage by reason of the defendant altering, changing and obstructing the right of way, by erecting, constructing and building across the same a steam railroad at a grade above the natural grade and by filling up the right of way with dirt and other substances so that the plaintiff could not use and enjoy the same as it and its predecessors in title were accustomed to do for the purpose of ingress, egress and regress to and from the lands of the plaintiff, which lands were a part of the land parted and divided by the deed of amicable partition. During the pendency of the suit, Davis, the defendant, conveyed the land to the Edison Electric Illuminating Company, then and now the Lycoming-Edison Company, the defendant in these proceedings. The case was tried in the Common Pleas, and on October 10, 1910, the Superior Court, reversing the trial court,

entered judgment for the plaintiff on the verdict: Citizens Electric Co. v. Davis, 44 Pa. Superior Ct. 138.

On March 5, 1913, the plaintiff filed the present bill in equity praying for an injunction enjoining and directing the defendant to remove all obstructions from the right of way so that the same could be used and enjoyed by the plaintiff as a perpetual easement over the several purparts which the right of way might cross and to restore the road or right of way to the condition which it was in at the time when the obstructions were placed therein by the defendant. An answer was filed to which the plaintiff filed a replication. The learned court below entered a decree granting the prayer of the bill, from which the defendant has taken this appeal.

The single question in the case is whether the verdict and judgment in the action of trespass are conclusive in the present proceeding as to the plaintiff's easement or right of way and its invasion by the defendant in the construction of the railroad at an elevation of four or more feet above the original level of the way. The defense set up by the defendant in the court below was that the obstruction found by the jury in the former suit was not such as would unreasonably interrupt the plaintiff's passage over the easement, nor substantially interfere with, nor materially impair the reasonable use of the same. The defendant contends here that the record of the action in trespass does not conclusively determine whether or not the building of the switch and the maintenance of the right of way at the new grade was per se an obstruction, or whether or not a recovery in the trespass action was for the injury pending the construction. The court below excluded the defendant's offer of proof to show that the right of way was now better than it was before the switch was built.

The learned court below found "that the railroad track so constructed across the plank road or right of way at an elevation of four feet and upwards above the original grade of said plank road or right of way has

been maintained by the defendant in the same condition as to height and construction as at the time of the bringing of the said action of trespass and the verdict therein and the judgment thereon." This finding was amply supported by the evidence and we, therefore, entirely agree with the court below that the judgment in the action of trespass, the record of which was in evidence in this case, is conclusive as to the right of the plaintiff to the relief prayed for in the bill. The action of trespass was brought to recover damages for the obstruction of the right of way by the construction of the defendant's railroad above the natural grade and by filling in the right of way, and the judgment entered in that case determined the right of the plaintiff to the easement and also its wrongful obstruction by the defendant in the construction of the railroad siding. The action, therefore, adjudicated the right of the plaintiff to the easement granted in the deed of partition, and the unlawful action of the defendant in obstructing it by the construction of its railroad siding. In the present case, the question is res adjudicata. The defendant did not remove the obstruction but, as the court found, the same nuisance has been maintained by the defendant in the same condition until the present bill was filed to compel the defendant to abate it.

It is immaterial, as we view the case, who owned the fee in the land subject to the right of way, whether it continued in the former tenants in common, or whether they have now simply an easement over the land. The action in trespass determined that the plaintiff had at least a right of way over the land and that it had been unlawfully obstructed by the action of the defendant in constructing its railroad across the way. The rights of the parties were fully adjudicated in that case, and this bill was brought in a court having jurisdiction to enforce them: Hacke's App., 101 Pa. 245; Ellis v. Academy of Music, 120 Pa. 608; Schmoele v. Betz, 212 Pa. 32. The question of the ownership of the fee in the land over

which the road passes was, or should have been, raised and determined in the action of trespass, if it was thought material to the issues raised there or in the present proceeding. It certainly cannot be raised here in view of the fact that the present bill was filed to enjoin the continuance of an obstruction which a court of competent jurisdiction had adjudged a nuisance resulting in injury to the plaintiff.

The decree is affirmed.