# Jessop *v.* Kittanning Borough, Appellant (No. 2).

*Equity—Injunction—Obstruction of private way—Adverse possession
—Boroughs.*

1. An owner of a lot of land abutting on private streets and alleys
shown by a plan of lots may maintain a bill in equity against another
person also a lot owner for obstructing one of the alleys, although he
and his predecessors in title have obstructed and closed up another of
the private alleys; and the plaintiff in such a case will not be required
to remove the obstruction made by himself as a prerequisite to estab-
lish his equity against the defendant, where it appears that the obstruc-
tion had been maintained for so long a time as to give the plaintiff title
by adverse possession.

2. Occupation of land for twenty-one years adverse to a private
right of way, and inconsistent with it, bars the right.

3. Where a bill in equity is filed against a borough and a corporation
to enjoin obstruction of a private right of way, and it appears that
the borough did nothing more than pass an ordinance vacating the
street as if it were a 'public street, the corporation has no standing to
complain that the borough was improperly joined as a party defendant.
In such a case the joinder of the borough in no way injures the other
defendant.

Argued April 26, 1909. Appeal, No. 78, Oct. T., 1909, by
Kittanning Iron & Steel Company, from decree of C. P. Arm-
strong Co., Sept. T., 1908, No. 189, on bill in equity in case of
Samuel A. S. Jessop v. The Borough of Kittanning, H. J.
Hays, Burgess, P. C. Hutchinson, F. C. Mohney, James F.
Foulis, W. F. Knoble, J. S. Hudson and M. H. Colwell, Mem-
bers of Council, and the Kittanning Iron & Steel Manufactur-
ing Company. Before MITCHELL, C. J., FELL, BROWN, MES-
TREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction. Before PATTON, P. J.

The facts appear by the opinion of the Supreme Court and
by the report of Jessop v. Kittanning Borough (No. 1), ante,
p. 583.

*Error assigned* was decree awarding injunction.

*R. L. Ralston*, with him *H. A. Heilman* and *H. L. Golden*, for appellant.

*R. A. McCullough*, for appellee.

OPINION BY MR. JUSTICE POTTER, October 11, 1909:

This appeal is by the Kittanning Iron & Steel Manufacturing Company, from the same decree which was under consideration in the preceding case, the appeal of the borough of Kittanning. The following additional facts which were found by the court below, are pertinent and material to the determination of the questions raised by the present appeal:

As originally laid out, the plan of lots indicated an alley ten feet wide running west from Jefferson street, between lots Nos. 256 and 262, to the ten and three-quarter feet wide alley running south into Willow street. Lot 256 is one of the lots in which appellee now owns an interest, and lot 262 is owned by his brother, C. J. Jessop. The alley in question was closed about forty-five years ago by appellee's predecessor in title, and has remained closed since that time. Part of a brick stable was erected on its western end twelve or thirteen years ago, and a tenement house was built on its eastern end towards Jefferson street some four years ago. It does not appear that any objection was ever made to the closing of this alley, either by the Kittanning Iron & Steel Manufacturing Company, the Kittanning Iron Works, or by any one else. The western end of the same alley, towards Water street, was closed about the same time by the Kittanning Iron Works, by placing iron ore upon it, and it continues to be so obstructed. We do not understand that the present appellant questions the rule, that one who purchases according to a plan is entitled to the free and unobstructed use for all time of the streets and alleys marked on the plan, but it alleges that appellee cannot avail himself of that rule, because he, or rather his predecessor in title, has closed up part of one of the alleys on the plan, and he continues to keep it closed, and has erected buildings on the right of way. Appellant contends that the maxim which requires one who seeks equitable relief to do equity, therefore, applies to appellee.

The court below was of opinion that this question could bo raised only by cross bill and not as a defense, especially as persons who were not parties to the present bill were part owners of the properties bounding on the alley which had been closed. Also that, as the evidence showed that the defendant had for many years kept closed the western end of Willow street, and portions of two other alleys, "it would have come with a better grace from it, if it had offered to remove these obstructions if the plaintiff removed his. That would be equality as well as equity." Under the circumstances of this case, we think the view of the court below was correct.

The plaintiff is responsible for any encroachments he has made upon the rights of the other lot owners in the plan, but that is not a sufficient reason for denying to him the relief to which he is here entitled. And the further fact appears as found by the court below that the alley was closed by plaintiff's predecessor in title about forty-five years ago, and has remained closed during that period of time. The answer to defendant's claim that plaintiff must do equity, by reopening this alley, before an injunction can be granted in his favor against the obstruction of Willow street, would seem to be the fact that he and his cotenants have long ago acquired title to the soil of the alley by prescription, and the right of way has been extinguished by adverse user for more than twenty-one years. Occupation of land for twenty-one years, adverse to a right of way, and inconsistent with it, bars the right: Greenmount Cemetery Company's Appeal, 1 Sad. 371; Yeakle v. Nace, 2 Wharton, 123.

We see no merit in the suggestion that there is a misjoinder of parties, or that the bill is multifarious. The two defendants joined in the wrong, against which plaintiff sought relief, and the liability of each defendant arises out of the same transaction, the attempted vacation and obstruction of Willow street. This appellant was not prejudiced in any way by the joinder of the borough and its officers, as defendants in the bill.

The assignments of error are dismissed, and the decree of the court below is affirmed.