## Whitney, Appellant, v. Welshans.

*Adverse possession—Plotted street—Fence and house in street—Evidence—Case for jury—Easement.*

1. In an action of trespass brought in 1909, to recover damages for the maintenance of a house in a dedicated, but unopened street appurtenant to plaintiff's land, it appeared that the land in dispute was part of a larger tract that had been plotted into lots and streets. A deed made in 1872 to a predecessor in title of the defendant called for the center of the street in question as a boundary; but it did not appear that the plot was recorded, or the streets opened or marked on the ground, and it did not positively appear that the defendant or those under whom he claimed was shown the plot. At one time the lot owned by the defendant was inclosed by a fence which on one side ran along the center of the street in question. This fence existed in 1879, but there was nothing to show that it existed in 1872 or at the date of the

alleged dedication. In 1897, one of defendant's predecessors in title erected a house within the limits of the plotted street. *Held* (1) that defendant's title by adverse possession was for the jury; (2) that there was nothing in the case to place upon the defendant the burden of proving that the fence was not in existence at the date of the alleged dedication, or in 1872.

2. The right to an easement may be barred by possession and use adverse to and inconsistent with the right for twenty-one years.

Argued Feb. 28, 1912. Appeal, No. 7, Feb. T., 1912, by plaintiffs, from judgment of C. P. Lycoming Co., March T., 1909, No. 164, on verdict for defendant in case of Josephine Whitney et al. v. Joseph W. Welshans. Before RICE, P. J., HENDERSON MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for the maintenance of a house in a dedicated but unopened street. Before HART, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was in refusing binding instructions for plaintiffs.

*Max L. Mitchell,* for appellants.—The designation of a street as a boundary, whether the street is opened or not, is an implied covenant that it shall be open for the use of the grantee and of the public as a means of access to the land conveyed. The fee remains in the grantor subject to the easement thus created: Barnes v. Railroad Co., 27 Pa. Superior Ct. 84; Trutt v. Spotts, 87 Pa. 339; Ferguson's App., 117 Pa. 426; Quicksall v. Philadelphia, 177 Pa. 301.

The descriptions in the deeds which were in Welshans title, and which called for Eldred street, were notice to him of the existence of that street, and having such notice it was his duty to inquire as to its location, width, etc.:

Tabor Street, 26 Pa. Superior Ct. 167; Ferguson's App., 117 Pa. 426.

There was not sufficient evidence of adverse possession: Hawk v. Senseman, 6 S. & R. 21; DeHaven v. Landell, 31 Pa. 120; Boyer v. Lengel, 224 Pa. 357; Neely v. Philadelphia, 212 Pa. 551; Oliver v. Ormsby, 224 Pa. 564; Seibert v. Berks County, 19 Pa. Dist. Rep. 56; Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92; Cole v. Phila., 199 Pa. 464; Rung v. Shoneberger, 2 Watts, 23; Criswell v. Altemus, 7 Watts, 565; Calhoun v. Cook, 9 Pa. 226; Bannon v. Brandon, 34 Pa. 263; Cadwalader v. App, 81 Pa. 194; Hood v. Hood, 2 Gr. (Pa.) 229; Union Canal Co. v. Young, 1 Whart. 410; Buckholder v. Sigler, 7 W. & S. 154; Bombaugh v. Miller, 82 Pa. 203; Ermentrout v. Stitzel, 170 Pa. 540.

It is the duty of the court to direct a verdict against the claimant and in favor of the plaintiff: DeHaven v. Landell, 31 Pa. 120; Huffman v. McCrea, 56 Pa. 95; McDermott v. Hoffman, 70 Pa. 31; Horton v. Davidson, 135 Pa. 186; Deppen v. Bogar, 7 Pa. Superior Ct. 434.

*G. B. M. Metzger*, for appellee.—The legal effect of making the boundary line the middle line of the street was to vest the fee in the grantee as far as the center line, notwithstanding the fact that the street was at the time unopened: Clymer v. Roberts, 220 Pa. 162.

Twenty-one years' occupation of land, adverse to a right of way and inconsistent with it, bars the right: Yeakle v. Nace, 2 Whart. 123; Spackman v. Steidel, 88 Pa. 453; Woodbury v. Allan, 215 Pa. 390; Jessop v. Kittanning Boro., 225 Pa. 589; Greenmount Cemetery Co.'s App., 4 Atl. Repr. 528.

Opinion by Rice, P. J., July 18, 1912:

This is an appeal by plaintiffs from judgment on verdict in favor of defendant in an action of trespass in which the plaintiffs alleged the maintenance, by the defendant, of a house in a dedicated but unopened street appurtenant to plaintiffs' land. The land in dispute was part of a

larger tract that at one time was plotted into lots and streets by the owner, and amongst the latter was Eldred street. This map or plot was not recorded, the streets were not opened or marked on the ground, and it does not positively appear that defendant or those under whom he claims were shown the map or plot. But the deed of October 1, 1872, to Charles Rubright, the defendant's predecessor in title, called for the center of Eldred street as the northern boundary of the land conveyed and the court charged that this, being in the line of his title, was sufficient notice to the defendant of the plotted street. The court further charged that, if the case rested wholly upon the plaintiffs' testimony, they would have a clear right to recover. They have no standing to complain, and do not complain, of the instructions as to the alleged plotting of the land and the call for the center of Eldred street in the Rubright deed, and as to their effect in determining the quality and extent of the paper title of the defendant and his predecessors; and, as we view the case, it is not necessary to go into a discussion of that question. Assuming, for present purposes, the correctness of the judge's instruction upon it, and the applicability of the rule laid down in Clymer v. Roberts, 220 Pa. 162, the case turns upon the sufficiency of the evidence to carry the defense of adverse possession to the jury. It is undisputed that the Rubright land was at one time inclosed by a fence which, on the northern boundary, ran along the center of what is claimed to be Eldred street. When or by whom this fence was built does not distinctly appear, but there is evidence that it existed at least as early as 1879, when two and one-half acres of the Rubright lot, including the locus in quo, were bought by George Gilmore at sheriff's sale, and from that time until this action was brought, in 1909. In 1897 the Keefers, then owners of the land in dispute, erected thereon a house, which stands partly on the southern half of Eldred street as plotted. The title to this house and lot subsequently became vested in the defendant, and the maintenance of the house

within the limits of the plotted street is the trespass complained of in this action. Not only was the possession of the defendant and his predecessors in title marked and defined by this fence for thirty years and more before suit brought, but all the land inclosed by it was openly, continuously, and exclusively used by the owners for farming and pasturage purposes. But counsel for plaintiff suggest that in all probability the fence was in existence at the time of the sale to Rubright, and, if that were the fact, some of the cases cited by counsel would tend to support his contention that merely permitting the fence to stand and using the soil for the purposes stated, until the dedicated streets in the plot should be actually opened, were not sufficient to show that the right of the plaintiffs and their predecessors was extinguished by nonuser, or that the occupancy and use of the land by the defendant and his predecessors up to the line of the fence was hostile. See Higgins v. Sharon Boro., 5 Pa. Superior Ct. 92. But we can find no direct evidence of this important fact, and it is doubtful whether there is any evidence from which a jury could infer it. At any rate, there is no evidence that would have warranted the court in declaring it to be an established fact and in giving binding direction for the plaintiffs upon that ground. Nor can we agree that it was to be legally presumed prima facie so as to cast on the defendant the burden of proving that the fence was not in existence at the date of the alleged dedication, or in 1872, the date of the deed to Rubright.

As was said in Spackman v. Steidel, 88 Pa. 453, so it may be said here, this suit is not between any parties to the original deed; it is not an action of covenant based on the contract; it is for a tort. The complaint of the plaintiffs is not for the disturbance of an easement once enjoyed but substantially to recover, in an action ex delicto, for damages to a right, based on an implied covenant, of which they never had any possession. The right to an easement, which, at the most, is all that the plaintiffs have, may be barred by a possession and use

adverse to and inconsistent with the right for twenty-one years; and the like may remain dormant for a long time, and not be lost, if from the nature of the right and the contract it is apparent that it was not contemplated that the owner of such right should exercise it at an early period, and if the other party has done nothing inconsistent with the existence of such right: Yeakle v. Nace, 2 Whart. 123. We have examined and considered the evidence in the light of these general principles, and conclude that the lapse of time and such defining of the defendant's possession and the use of the land, as we have described, are facts which cannot be ignored, or declared by the court as matter of law to be insufficient to sustain a finding by the jury that the defendant and his predecessors held adversely. It follows that the request for binding instructions, and the subsequent motion for judgment non obstante veredicto, were properly denied.

The judgment is affirmed.