## Hibberd et al. *v.* Greenstein, Appellant.

*Adverse possession—Alley—Possession—Notice of claim.*

1. A person claiming title by adverse possession must prove that he has had possession adversely for the full period of twenty-one years. Proof of possession for twenty years and three months is insufficient.

2. A person who buys real estate with knowledge that another person is claiming title by adverse possession to an alley on the premises is not prejudiced thereby. The validity of the claim is the test.

3. Where a right to an alley is created by grant it will not be lost by nonuser.

*Practice, Supreme Court—Assignments of error.*

4. Where duplicate findings are made in an equity case of the same fact, it is not essential that error be separately assigned as to each.

Argued Jan. 16, 1919. Appeal, No. 72, Jan. T., 1919, by defendant, from decree of C. P. No. 2, Philadelphia Co., Dec. T., 1917, No. 4598, awarding injunction in case of Anna J. Hibberd and Emma E. Lawrie v. Ignatz Greenstein. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Reversed.

Bill in equity for an injunction. Before WESSEL, J.

*Errors assigned* were various findings and the decree awarding injunction.

*Maurice J. Speiser,* with him *David S. Malis,* for appellant.—Where a party relies on the statute of limitations to prove a title he must show that he and those under whom he claims entered into possession of the premises under a claim of right and have had actual, adverse, continued, visible, notorious, distinct and hostile possession thereof for the full period of twenty-one years: Johns v. Johns, 244 Pa. 48; O'Boyle v. Kelly, 249 Pa. 13; Cannon v. Jackson, 252 Pa. 257.

The burden is upon the party claiming by adverse possession to show when his adverse holding began: O'Boyle v. Kelly, 249 Pa. 13.

*Robert T. McCracken,* with him *Roberts, Montgomery & McKeehan,* for appellees.—The findings and conclusions of the court below are fully warranted by the authorities: Woodbury v. Allan, 215 Pa. 390; Dimling v. Klauss, 63 Pittsburgh Leg. Journ. 437; Whitney v. Welshans, 50 Pa. Superior Ct. 422; Scranton v. Scranton Coal Co., 256 Pa. 322.

OPINION BY MR. JUSTICE WALLING, February 10, 1919:

This is a suit in equity to enjoin defendant from the use of an alleged alley. In 1797 Edward Bonsall became the owner of a tract of land at the southeast corner of Ninth and Race streets, Philadelphia, which fronted thirty feet on the latter street and about sixty feet on the former. Shortly thereafter he subdivided it into four lots, two of the width of fifteen feet each on Race street and extending thirty feet south, and two of the width of twelve and one-half feet each on Ninth street and extending thirty feet east. As a part of this subdivision he established an alley of the width of five feet, extending from Ninth street east twenty-six feet, along the south end of the Race street lots. Owing to a jog in the south line of the alley, the east six feet thereof was of the width of three feet, giving an added width of two feet to the rear end of the lot adjoining on the south, known as 159 North Ninth street and now owned by plaintiffs; while the east lot, 838 Race street, is owned and occupied by defendant, who purchased it in 1917. For the last thirty years or more there has been a partition fence extending from defendant's southwest corner across the alley so as to separate the east six feet from the balance thereof; in which partition there has always been and is a gate. During the same time there has also been a gate across the west end of the alley on

Ninth street. The original dedication and existence of the alley clearly appear in the early deeds and are conceded. It was manifestly intended as appurtenant to plaintiffs' lot and to the two lots facing on Race street. From and since January, 1918, defendant has used and persisted in the use of the alley in connection with his property and to restrain him therefrom plaintiffs filed this bill, averring title thereto by adverse possession. There is a three-story brick building on plaintiffs' lot which, pursuant to stipulation in the deeds, extends over the alley at a height of about ten feet above the ground. This property has been rented for over thirty years, and since September, 1897, one Leonard Shoneman has been in possession thereof as plaintiffs' tenant; and the evidence tending to establish an adverse possession of the alley from the inception of his tenancy to January, 1918, is largely that of himself and daughter. Admitting its sufficiency, which was for the court below, it established an adverse possession for a continuous period of twenty years and three months. Similar possession prior thereto was sought to be proved by the testimony of Robert E. Gambel, a member of a real estate firm that has had charge of plaintiffs' property for thirty years. However, his testimony as to conditions prior to Shoneman's tenancy goes no further than that he visited the place about once a month and found the gate on Ninth street closed, and that he occasionally saw the gate in the partition and when he did so it was also closed. He does not state that either gate was fastened during that time, or that plaintiffs or any one on their behalf had possession of the alley adverse or otherwise prior to Shoneman's tenancy, and as to that there is no other proof. So the evidence of adverse possession is limited to twenty years and three months and does not cover the full twenty-one years necessary to give title. It follows that plaintiffs' claim fails, as the burden is upon one claiming by adverse possession to show its continuance for the full

period: Cannon v. Jackson, 252 Pa. 257, 263; O'Boyle v. Kelly, 249 Pa. 13; Johns v. Johns, 244 Pa. 48.

Even conceding that Gambel's testimony might indicate that the occupants of defendant's lot were not then using the alley, as the right thereto was created by grant it would not be lost by nonuser: Nitzell v. Paschall, 3 Rawle 76, 81; Lindeman v. Lindsey, 69 Pa. 93; Richmond v. Bennett, 205 Pa. 470; Nickels v. Hand in Hand Cornet Band (No. 1), 52 Pa. Superior Ct. 145, 149. But as Gambel only visited the place a few minutes about once a month he could not know who did or did not use the alley. The six feet of the alley east of the partition seems to form a part of defendant's premises but that does not destroy his right to use the balance of the alley, neither is such right lost by the maintenance of gates at the ends thereof, but when locked they tend to support a claim of adverse possession. The trouble here is that there is no evidence that either gate was kept fastened prior to Shoneman's possession. The mere erection of the partition near the rear end does not prove an agreement of the parties to abandon the alley, nor constitute a forfeiture of the right of the defendant's lot therein, especially as there was a gate in the partition. The corner lot, 840 Race street, has a door opening on the alley and its occupant admittedly made some use of it for storage purposes during Shoneman's tenancy, which is a circumstance against plaintiffs' claim of adverse possession even during that time. The deeds for defendant's lot made in and before 1802 make special reference to this alley, which is omitted in the deed for the same made in 1836 and in later deeds. But the alley was there and the right to its use would pass as appurtenant to the abutting property without special mention. The court below found as a fact that plaintiffs had had adverse possession of the alley for over twenty-one years and entered a decree enjoining defendant from the use thereof; from which he brought this appeal. As the evidence fails to support that finding the decree cannot be

sustained.   The chancellor's findings approved by the court below are entitled to the same weight as the verdict of a jury, but neither can stand without evidence.

The plaintiffs' twelfth request for finding of fact was affirmed, and no exception was filed thereto, nor is it assigned as error.   As such finding was controlling, that omission would be fatal to the appeal but for the fact that in effect the same finding is embraced in the chancellor's twelfth and thirteenth findings of facts; to which exceptions were filed and error assigned.   Where duplicate findings are made of the same fact it is not essential that error be separately assigned as to each.

Defendant's rights are not prejudiced by the fact that he bought the premises with knowledge that plaintiffs claimed title to the alley, as the case depends upon the validity of such claim.

The first, second, seventh, eighth, ninth and tenth assignments of error are sustained, and thereupon the decree is reversed and plaintiffs' bill is dismissed at their costs.