# Mitchell, Appellant, *v.* Bovard et al.

*Road law—Streets on recorded plan—Failure of public authorities to adopt—Dedication—Act of May 9, 1889, P. L. 173.*

1. Under the Act of May 9, 1889, P. L. 173, the public loses all rights in streets, laid out in a recorded plan, if they are not taken over as highways within twenty-one years from the recording of the plan.

*Easements—Streets—Nonuser—Release of servient tenement—Adverse use—Burden of proof.*

2. A mere nonuser of a way or street does not constitute a release of the servient tenement from a legally imposed obligation; but, if the actual control is notoriously adverse and continues for a sufficient period of time, the easement created may be extinguished.

3. Where the rights of the parties to make use of a way exists whenever necessity arises, though long after the conveyance, there must be shown, by word or act, an express repudiation of the interests acquired by others, and an intention to set up a hostile claim. Otherwise the occupation must be considered permissive.

4. If, when the land was plotted, that adjoining is separated by a fence, along which the dedicated way extended, this does not negative the fact of dedication as indicated in the deed, although the occupation of the bed of the suggested street for adverse uses, will; but the burden of proof is on the person who asserts it.

5. Ordinarily, a servitude created by deed can be removed only by a grant of like dignity, but where the abandonment of an easement can be established, the holder of the privilege, or those claiming through him, cannot thereafter complain.

6. The right of an easement never actually enjoyed may be barred by a possession and use adverse and inconsistent with the right for twenty-one years.

Argued October 11, 1923. Appeal, No. 125, Oct. T., 1923, by plaintiff, from decree of C. P. Allegheny Co., July T., 1921, No. 4009, dismissing bill in equity, in case of Jessie P. Mitchell v. Hilda R. Bovard et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ. Affirmed.

Bill for injunction. Before SHAFER, P. J.
The opinion of the Supreme Court states the facts.
Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*E. E. Fulmer,* with him *James A. Wakefield,* for appellant.—Where an easement is created by covenant in deed, either by grant or reservation, and has never been used or required or demanded for use, it cannot be extinguished by the owner of the servient estate by adverse possession. If it has been used and the owner has been disseized, or, if never used, if the owner has been denied, obstructed or prevented from using it, when he requires and demands the use of it, the statute will thereupon commence to run. Otherwise nothing less than a continuous, sole enjoyment for a period long enough to create a prescriptive right will destroy such easement: Lindeman v. Lindsey, 69 Pa. 93; St. Mary's Church v. Miles, 1 Wharton 229; Butz v. Thrie, 1 Rawle 217; St.

Andrews L. Church App., 67 Pa. 512; Bombaugh v. Miller, 82 Pa. 203; Richmond v. Bennett, 205 Pa. 470.

*William V. Swearingen,* with him *Robert S. Chess* and *W. Clyde Grubbs,* for appellee.—The original grantees of Thomas A. Ingram never made a grant to anyone of an easement, but the same was merely reserved by Thomas A. Ingram. If, then, he and his successors in title, and the other lot owners in the plan, and their successors in title, refrained from exercising their right to said easement for the prescriptive period, and the land servient to said easement has been occupied and used adversely for said period, the right of Thomas A. Ingram, and his successors in title, and the other lot owners in the plan, to use said easement, has been extinguished: Woodbury v. Allan, 215 Pa. 390, 393; Yeakle v. Nace, 2 Wharton 123; Lindeman v. Lindsey, 69 Pa. 93; Jessop v. Boro., 225 Pa. 589; Whitney v. Welshans, 50 Pa. Superior Ct. 422; Paschall v. Fels, 207 Pa. 71; Baugh v. Arnold, 123 Md. 6.

OPINION BY MR. JUSTICE SADLER, January 7, 1924:

Ingram owned a farm in Chartiers Township, Allegheny County, and, in 1884, divided a portion into seven lots, as appears by a recorded plan. The remaining part on the north was separated by a fence then standing. Along and to the south of it, a street, to be known as "Phillips," was marked off, though never opened for use. Five of the parcels sold called for the proposed highway as a boundary, and, in two instances, the courses named in the conveyances extended the lines across it, though the reservation was made therein that they were subject "to the said thirty-foot street." The purchasers, or some of them, erected fences to join with that of the grantor, and these have been maintained for thirty years, and owners have used the intervening space for gardens, and the growing of shrubbery.

In 1891, the unplotted land passed into the possession of one Carter, also the owner of lot five, and he then agreed that the suggested street be abandoned, and, certainly, since that date the part in the rear of number six has been exclusively occupied and controlled by one of the defendants. In 1919, Jessie Mitchell, complainant here, acquired title to the north portion of the farm, erected a dwelling on it, and then demanded the proposed road be opened. The lot owners refused to accede to her request, and this bill was then filed to compel the removal of the obstructions on the street, called for in the plan. The facts involved were not disputed, and this appeal is directed to the refusal of the court below to grant the relief asked.

In so far as the public is concerned, any privileges which it might have secured were lost by a failure to take over the highway within twenty-one years, since our statute so provides: Act May 9, 1889, P. L. 173; Stivason v. Serene, 80 Pa. Superior Ct. 1. The individual purchasers of lots, however, acquired rights which are entitled to protection, unless in some legally recognized way the easement has been surrendered. It is contended the facts show this to have occurred, in view of Carter's action when he became owner, and the adverse possession which has followed.

Ingram at no time attempted to open the road marked on the plan, and his immediate successor expressly disclaimed any right-of-way. It is well established that a mere nonuser does not constitute a release of the servient tenement from a legally imposed obligation: Lindeman v. Lindsey, 69 Pa. 93; McKee v. Perchment, 69 Pa. 342; Richmond v. Bennett, 205 Pa. 470. If, however, the actual control is notoriously adverse, and continues for a sufficient period of time, the easement created may be extinguished. In a case such as this,—where the rights of the parties to make use of the way exist whenever necessity may arise, though long after the conveyance,—there must be shown, by word or act, an express

repudiation of the interests acquired by others, and an intention to set up a hostile claim. Otherwise, the occupation must be considered permissive: Pittsburgh v. Bell & Sons, 277 Pa. 135, 144. Until a contrary purpose is shown, and its assertion for the necessary period proven, no title will be secured by adverse possession.

When the land was plotted, that adjoining was separated by a fence, but this did not negative the fact of dedication as indicated in the deeds: Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92. There followed, however, an actual extension to it by the lot owners, and the occupation of the bed of the suggested street for their own needs. Though, as stated, there must be some disclaimer of the rights of others before such action can be considered adverse (Bombaugh v. Miller, 82 Pa. 203; Johns v. Johns, 244 Pa. 48; Nickels v. Cornet Band, 52 Pa. Superior Ct. 145), yet this requirement may be satisfied where acts inconsistent with the right of possession by others are evidenced, as by the inclosure of the land, and devoting it to purposes not originally contemplated: Hutchinson v. Oil Co., 275 Pa. 380; Whitney v. Welshans, 50 Pa. Superior Ct. 422; Logan v. Smith, 71 Pa. Superior Ct. 419. The burden of proof rests, of course, on the person asserting this to be true: Godino v. Kane, 26 Pa. Superior Ct. 596. "When one uses an easement whenever he sees fit without asking leave or without objection, the use is adverse; and an adverse enjoyment for twenty-one years gives an indisputable title to the enjoyment": Messinger's App., 109 Pa. 285, 290. So, one who obstructs a way, if such action is continued for a sufficient time, will defeat the right of the dominant owner: Yeakle v. Nace, 2 Whart. 123; Jessop v. Kittanning Borough, 225 Pa. 589; Woodbury v. Allan, 215 Pa. 390; Zerbey v. Allan, 215 Pa. 383. The court has concluded here that the use of the proposed street by defendants for thirty years was inconsistent with ownership by any one else, and the finding of fact made must

be sustained if supported by competent evidence, and this appears.

The decree entered finds further justification, when we consider that Carter, owner of lot five, secured title to the farm to the north, and agreed that the land marked on the plan as a street be devoted to other purposes. This was done without objection, then or now, by the buyers of lots. Ordinarily, a servitude created by deed can be removed only by a grant of like dignity, but where the abandonment of an easement can be established, the holder of the privilege, or those claiming through him, cannot thereafter complain: Erb v. Brown, 69 Pa. 216. Plaintiff holds under the original owner, and not through a purchaser whose deed refers to the plan, and acquired only such privilege as the possessor of the dominant estate to the north had when it was conveyed. Those in her line of title surrendered any claim, as noticed, and she cannot now revive and assert it. Under some circumstances, the right to an easement never actually enjoyed "may be barred by a possession and use adverse and inconsistent with the right for twenty-one years" (see opinion by President Judge RICE in Whitney v. Welshans, 50 Pa. Superior Ct. 422, 426), and this rule applies here.

An examination of the record convinces us no error was committed, and the assignments of error are overruled.

The decree is affirmed at the cost of appellant.