## Nauman, Appellant, v. Kopf et al.

Argued November 10, 1930.

Before Trexler, P. J., Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*G. T. Hambright,* and with him *H. G. Ripple* and *John E. Malone,* for appellant.

*S. V. Hosterman,* for appellee.

Opinion by Trexler, P. J., December 12, 1930:

On April 2, 1897, the executor of William Kahl conveyed to William H. Nauman, a lot of ground having erected thereon a two story brick dwelling house, situated on the west side of North Mary Street, numbered No. 528 North Mary Street; containing in front on said street sixteen feet and extending in depth of that width one hundred feet. This lot was bounded on the west by the property now owned by Sarah K. Kopf, and others, the defendants in this suit. The deed contained the following grant: "Together with the right to the said William H. Nauman, his heirs and

assigns, to use the ten feet of ground adjoining the herein and hereby granted premises on the south as an alley in common with the other owners adjoining thereto.''

On March 8, 1926, the said William H. Nauman and wife conveyed the same premises through an intermediary to William H. Nauman and Mary Nauman, his wife, by entireties. In this deed the reference to the alley is as follows: '' 'Together with ten feet of ground adjoining the herein granted premises on the south, which was formerly an alley, but vacated by the city and closed over twenty-one years ago.' As a matter of fact, the city never vacated this alley. These deeds were recorded on March 9, 1926.''

Kahl, the predecessor in title of the parties defendant, received the deed for his lot, which as stated before was to the west or in the rear of the Nauman property, on March 14, 1911, and the reference in that deed to the alley in question is as follows: ''Beginning at a point on North Pine Street, a corner of a proposed twenty feet wide public alley; thence extending eastward, along said valley, a distance of one hundred feet.'' This deed was recorded on March 28, 1911.

There is on the city plan an alley twenty feet wide running from North Mary Street to Pine Street, but it has never been opened by the city. The northern half of it covers the land in dispute and is the same property as the ten foot alley referred to in the Nauman deed, and the whole of it is the same as the twenty foot proposed public alley referred to in the Kahl deed. In 1902, William H. Nauman erected a fence across the alley where the Nauman property joins the Kahn property. Sometime thereafter there was a partition fence erected by Nauman and the parties who own the property to the south which fence separated the alley into two parts longitudinally and

left ten feet of it to the Nauman property and ten feet to the other property. Each party erected half of it. All this was done more than twenty-one years before the present suit was brought. Thereafter, the owners of the Nauman property used ten feet which had been intended for an alley as their own. The fence was continuously maintained and the alley was thereby closed, until the defendants tore down the fence which act occasioned the present suit. Plaintiffs planted shrubbery, rose bushes and trees on it. They had no right to close up the end of the alley and bar entrance thereby, but they did that without right for over twenty-one years and the question is whether they acquired title by adverse possession.

The court held to the contrary. We quote from its opinion: "It is fully established that 'the right to the use of an alley granted by deed cannot be lost merely by non-user. Nothing less than an absolute denial of the right, followed by an enjoyment inconsistent with its existence for a period of twenty-one years or more can amount to an extinguishment of it.' Weaver v. Getz, 16 Pa. Superior Ct. 418; Nickels v. Hand in Hand Cornet Band, 52 Pa. Superior Ct. 145."

"It may be conceded that 'occupation of land for twenty-one years, adverse to a right of way,—and inconsistent with it, bars the right.' Jessop v. Kittanning Borough, 225 Pa. 589; Yeakle v. Nace, 2 Wh. 123; Woodbury v. Allen, 215 Pa. 390."

"But in Bombaugh v. Miller, 82 Pa. 203, it was held that 'the entry upon a lane by defendant whose title was acquired under a deed calling for boundaries that embraced said lane, and his holding the same continuously for twenty-one years, will not bar the right of way of plaintiff whose right to the free and unmolested use of said lane was granted by deed, unless there has been an absolute denial of his right by defendant, with an occupation inconsistent with its use by plain-

tiff.' See also, Twibill v. The Lombard and South Streets Pass. Railway Co. et al., 3 Pa. Superior Ct. 487. There is no prescription nor presumption from mere non-user of a servitude. Nothing less than an absolute denial of the right, followed by an enjoyment inconsistent with its existence for twenty-one years, can amount to an extinguishment: Lindeman v. Lindsey, 69 Pa. 93. It cannot be extinguished by disuse nor lost by non-user: Curtis v. Kessler, 14 Barb. 511; Smiles v. Hastings, 24 Barb. 44; Erb v. Brown, 69 Pa. 216.''

There is no question that this is a correct statement of the law. The court held that Nauman was bound by the mention of the alley in his deed and that he could not establish an exclusive right to the ground which the alley would cover, if opened. Under the facts in this case, we however are of the opinion that the conclusion arrived at was unwarranted. What the plaintiffs did was sufficient to show exclusive possession. Access to the land in dispute was effectually barred. They used it as their own, solely for such purposes as convenient to them. One does not ordinarily plant trees and shrubbery on the right of way of another if he has no intention of keeping it adversely. Such acts, coupled with fencing the land, is an exercise of dominion which if persisted in continuously to the exclusion of all others having rights in the land, will grow into title in twenty-one years. Such a possession has all the elements required to attain a title by adverse possession.

In Mitchell v. Bovard, 279 Pa. 50, there were seven lots and in the deeds of five of them, there was a call for a proposed highway as a boundary. The owners of the lots, as in this case, erected fences that joined and they had for thirty years used the intervening space for gardens and the growing of shrubbery. Justice SADLER, who wrote the opinion said, ''In so far as the

public is concerned, any privileges which it might have secured were lost by a failure to take over the highway within twenty-one years, since our statute so provides: Act May 9, 1889, P. L. 173; Stivason v. Serene, 80 Pa. Superior Ct. 1. The individual purchasers of lots, however, acquired rights which are entitled to protection, unless in some legally recognized way the easement has been surrendered. It is contended the facts show this to have occurred, in view of Carter's action when he became owner, and the adverse possession which has followed," and further, "It is well established that a mere non-user does not constitute a release of the servient tenement from a legally imposed obligation: Lindeman v. Lindsey, 69 Pa. 93; McKee v. Perchment, 69 Pa. 342; Richman v. Bennett, 205 Pa. 470. If, however, the actual control is notoriously adverse, and continues for a sufficient period of time, the easement created may be extinguished."

" 'When one uses an easement whenever he sees fit without asking leave or without objection, the use is adverse; and an adverse enjoyment for twenty-one years gives an indisputable title to the enjoyment': Messinger's App., 109 Pa. 285, 290. So, one who obstructs a way, if such action is continued for a sufficient time, will defeat the right of the dominant owner: Yeakel v. Nace, 2 Whart. 123; Jessop v. Kittanning Borough, 225 Pa. 589; Woodbury v. Allan, 215 Pa. 390; Zerbey v. Allan, 215 Pa. 383.' "

This case is followed by Aldine Realty Co. v. Manor Real Estate & Trust Co., 297 Pa. 583, in which liberal use is made of the above opinion. See, Parks v. Penna. R. R. Co., filed November 24, 1930.

We think it clearly appears from the facts in this case that the plaintiffs acquired title by adverse possession and the relief sought for should have been granted.

The decree of the lower court is reversed; the plaintiff's bill of complaint is reinstated, the record is remitted with direction that a proper decree in accordance to this opinion be entered. The costs to be paid by the appellees.