Philadelphia Electric Co., Appellant,
*v.* Philadelphia.

424

Argued December 3, 1930.   Before Frazer, C. J., Walling, Simpson, Kephart, Sadler, Schaffer and Maxey, JJ.

*John P. Connelly,* for appellant.—Under the Act of May 9, 1889, P. L. 173, the public loses all rights in streets laid out in a recorded plan if they are not taken over as highways within twenty-one years from the recording of the plan: Mitchell v. Bovard, 279 Pa. 50; Quicksall v. Phila., 177 Pa. 301; Milford Boro. v. Burnett, 288 Pa. 434.

The question of easement is discussed and disposed of in the opinion of this court in Becker v. Rittenhouse, 297 Pa. 317.

It was an error to admit the correspondence in evidence, for it is manifest that the purpose was to destroy a title by deed.

The trial judge practically left to the jury the interpretation of the deeds which were offered in evidence. This was error.

Plaintiff and its predecessors in title have been in actual, visible, open and notorious, exclusive and continued use of the land for a period of nearly fifty-two years under its claim of right by deed: Phila. & Reading R. R. v. Obert, 109 Pa. 193; Aldine Realty Co. v. Real Est. T. & T. Co., 297 Pa. 583.

The trial judge misinterpreted and misunderstood the Act of May 8, 1889, P. L. 173, when he charged the jury that it had no retroactive force: Osterheldt v. Phila., 195 Pa. 355.

*James Francis Ryan,* Assistant City Solicitor, with him *Augustus Trask Ashton,* City Solicitor, for appellee.—Plaintiff's deed alone does not show such title as will sustain any claim for damages: Directors of the Poor v. R. R., 7 W. & S. 236; Neely v. Phila., 212 Pa. 551; Saccone v. Trust Co., 224 Pa. 554; Robinson v. Myers, 67 Pa. 9; Rhoads v. Walter, 61 Pa. Superior Ct. 43.

The chain of paper title considered in connection with the evidence of possession and occupation does not give plaintiff a title on which any claim can be based: Milford Boro. v. Burnett, 288 Pa. 434.

The easement created by the original deeds actually exercised by adjacent owners with the consent of plaintiff prevents the recovery of any amount for this claim: Hawkes v. Phila., 264 Pa. 346; O'Donnell v. Pittsburgh, 234 Pa. 401.

OPINION BY MR. JUSTICE KEPHART, February 2, 1931:

The City of Philadelphia, by proper action, opened Ludlow Street between 20th and 21st Streets. Appellant, the Philadelphia Electric Company, claiming to own the land included in the bed of the street, had viewers appointed to assess damages against the city. On an appeal from an award in its favor, the court below entered judgment for the city on the verdict of a jury. This appeal follows.

From the record before us, two situations may exist which will prevent appellant's recovery. First, if it is shown that the plaintiff has no title to the property condemned; second, if the street in question had been dedicated and accepted by the city as a highway.

On the question of plaintiff's title to the property condemned, it is not necessary, ordinarily, in condemnation proceedings, for the claimant to show title out of the Commonwealth or to produce such title as would be required in an action of ejectment. A prima facie case is made out by deeds covering the land, with proof

of possession thereunder for a period of twenty-one years: Phila. & Reading R. R. Co. v. Obert, 109 Pa. 193. If title is contested, claimant must show such ownership as will entitle him to compensation.

The electric company attempted to show title through two conveyances. One in 1874, by the heirs of William Poyntell to Deacon, one of appellant's predecessors in title, recited: that Richard Peters's Estate in 1808 sold to William Poyntell land 398 by 90 feet in breadth on a street 40 feet wide (the one here in question), "That the owners of the premises and their predecessors in title thereto had for many years possession of ground adjoining on the north" (being the bed of Ludlow Street, the land in dispute), and that these premises were vacant and unimproved with the exception of one or two small buildings thereon. By such deed, the heirs sold to Deacon, in addition to land on the south side of Ludlow Street, all their right, title, and interest, if any, they, or either of them had of, in, and to the bed of Ludlow Street, minutely described. A lot 50 by 50 feet contiguous to this piece, also part of the same street, was conveyed to appellant by deed, having as the granting clause, "all the right, title, and interest" of the parties thereto. The land in dispute embraced these two pieces.

Title was shown in appellant from Deacon through other conveyances. Appellant followed this testimony by evidence of possession.

To rebut this title, the city offered the deeds from Peters's executors in 1808 to Poyntell and others mentioned hereafter. Each deed contained the following grant of easement: "the free use and privilege of the forty feet wide street and of ingress, egress and regress in, upon, through, along, and out of the same in common with the said Richard Peters his heirs and assigns and the owners and occupiers of the other lots of ground bounding thereon." This recital was in substance mentioned in the deed from Poyntell's heirs to Deacon.

This evidence was followed by testimony to show acts of lot owners as to certain uses of the street under their easements.

The offer of these deeds was objected to by the Electric Company. Their admission covers several assignments of error and the first three questions involved. The city disputed the Electric Company's claim to the bed of the street for the reason that the deed of 1874 to Deacon under which it claimed ownership conveyed no title to the bed of the street, there being no record or other title thereto in the grantors.

The offer of the deeds was the city's initial step to disprove appellant's right to damages. They showed the easement rights in the lot owners over the land in dispute and title to the fee in others. They were also effective as notice to Deacon and others that the land in dispute was subjected to these rights. A conveyance of land by one who has no title thereto would give the grantee a color of title to it, but standing alone, such conveyance would not confer title. The effect of a color of title is merely to fix the character of the occupant's possession and to define its extent and limits: 2 C. J. 172, section 331. Mere color of title is valuable only so far as it indicates the extent of the disseisor's claim: Barnhart v. Pettit, 22 Pa. 135. See Ege et al. v. Medlar et al., 82 Pa. 86. This is the law with respect to unseated land; it is the same as to seated. A grantor need not have title to any part of the land conveyed in order to give color of title: 2 C. J. 169, section 325. If subsequent conveyances continue this color of title, they do not add to the right or give title. Nor would the Act of April 14, 1851, P. L. 612, 615, aid, even though these deeds were more than 40 years old. It is necessary for plaintiff to complete the color of title by a real title through possession. Without such possession, deeds giving color of title are unavailing, as against one who owns the land or has rights therein.

However, regardless of the rights of the real owners or of easement owners in this case, title to the land could have been acquired by adverse possession; this would extinguish all prior claims, including that of the easement owners, but in the case of an easement the evidence to sustain such title must show that the owners knew or should have known that an adverse claim was being made: Campbell v. Duggan-Rider Co. et al., 284 Pa. 19, 25. The adverse possession that will bar easements must be actual, continuous, adverse, visible, notorious, and hostile possession of the land in question for twenty-one years. See Mr. Justice SADLER's comprehensive review of all the authorities in Mitchell v. Bovard et al., 279 Pa. 50. Though there must be some evidence of knowledge brought home to the owners, or a disclaimer of the rights of others, such knowledge or disclaimer appears by enclosure or other adverse use. As stated in the Mitchell Case: " 'When one uses an easement whenever he sees fit without asking leave or without objection, the use is adverse; and an adverse enjoyment for twenty-one years gives an indisputable title to the enjoyment': Messinger's App., 109 Pa. 285, 290. So, one who obstructs a way, if such action is continued for a sufficient time, will defeat the right of the dominant owner: Yeakle v. Nace, 2 Whart. 123; Jessop v. Kittanning Borough, 225 Pa. 589; Woodbury v. Allan, 215 Pa. 390; Zerbey v. Allan, 215 Pa. 383." Such possession, depending as it does in this case on oral testimony, and, being disputed, would be for the jury. Should it decide appellant did not have such possession as would give title, then the record, showing deeds containing easement rights in others, would control to negative the claim of fee ownership of the bed of the street by the Electric Company; this would be so notwithstanding the supposed right [or color of title] arose by deed 52 years ago. It is clear the deeds were admissible to show these easement rights of lot owners. This was the real purpose of the offer

of the deeds and for this reason the deeds could not be stricken from the record, as indicated hereafter in discussing dedication.

The city, in addition to showing use of the street by lot owners by right of their easements, introduced letters from the officers of the Electric Company, suggesting a policy or stating how they regarded its use of the bed of the street. The officers in writing to a lot owner said they made a mistake in closing the street and thereupon opened it. Thereafter the barriers were kept down. Appellant objected to these letters; they were offered as an "admission." The letters were not received to destroy the effect of a deed which gave actual title to the bed of the street, as none existed, but to show that the easement of the lot owners still existed and was recognized by appellant. The oral evidence of "possession under the deed" was from the company's officers, agents, and others; surely the act of an officer contrary to such claim may be admitted, especially when followed by acts having a tendency to destroy the effect of the possessory acts of the company and its predecessors. The admission of the letters would have been error had appellant's title rested on deeds wherein the grantor owned the ground conveyed, but as against a deed which gave nothing but color of title, the objection was not good. This is the only matter to which the fourth question involved relates.

Assuming that plaintiff had sufficient evidence to go to the jury on the question of title, and in further answer to the fifth and seventh questions ("Did the court err in permitting testimony as to the value of the land if subject to easement, where none existed?"), it was for the jury to decide whether the easement existed. Therefore, the testimony of Mr. Crout and others was competent. Mr. Crout was asked, what would be the value of the ground taken if there were an easement of use over it in common with the owners, tenants, and occupiers of the other lots? This called for an opinion

from an expert on the value of the strip of ground as affected by the easement. The witness might have been in error in stating it had no value, but that, under all the evidence, was for the jury.

The court permitted the jury to determine what title the deeds gave to appellant. The court should have interpreted the deeds. Standing alone, they gave no title to the bed of the street. The recitals in the deeds, with the words conveying title "if any they have," would have been equivalent to a special warranty deed. If the predecessors' possession was such as would give them title under the law, the grantee would get that title, but it must be shown by evidence of possession as a fact and of the strength we have indicated. There could be no more cautionary words in the conveyance of 1874 than the recital of the easement. Appellant cannot complain of this instruction for, had the court passed on the question, as it should, it would have been decided adversely to appellant, and, if the claim stood solely on title by deed, the case would have been ruled as a matter of law. As to the questions relating to the mortgages covering the land, it is sufficient to say that such mortgages would not be effective to raise color of title by deed to a perfect title.

The jury found for the city. Whether this was because of failure to prove title, or a belief that no damages were proved, does not appear. As the case was tried, and as the questions involved raise the further question of dedication and a public highway, we will discuss that feature.

To show a dedication the city offered deeds from Peters's executors to Poyntell and others. These deeds showed that in 1798 Peters owned the land between 20th and 21st Streets, of which the land in dispute was a part; Peters's executors in 1807 laid out a plan of lots with a street 40 feet wide, between 20th and 21st Streets, known as Barker, now Ludlow, Street. Lots were sold from this plan by Peters's executors.

The recorded plan of lots with streets laid out thereon and the conveyance of lots therefrom constitute a dedication of the land in the bed of the street to public use: Quicksall v. Philadelphia, 177 Pa. 301. However, to cause such dedication to become a public highway or street under the control of the municipality, there must be an acceptance, express or implied. The burden of showing such acceptance is on the city: Milford Borough v. Burnett, 288 Pa. 434. Mere dedication is not an acceptance: Fleck v. Collins, 28 Pa. Superior Ct. 443, 449. An acceptance must be shown by some definite authoritative act of the municipality (Grant v. Dickson City Borough, 235 Pa. 536; Steel v. Huntingdon Borough, 191 Pa. 627, 629, 630; Wahl v. McKees Rocks Borough, 64 Pa. Superior Ct. 155), or by long continued use by the public as a way (Ackerman v. Williamsport, 227 Pa. 591), or by a combination of municipal acts and public uses: Kniss v. Borough of Duquesne, 255 Pa. 417; Milford Borough v. Burnett, supra.

The deeds which the city introduced in evidence would not show a public use, nor were they offered for that purpose. The use of the street that would make it a public highway must be a public use and not a private one by lot owners. The use in this case by the lot owners was not public and, as such, would not be sufficient to constitute an acceptance: Fleck v. Collins, supra. The city, by ordinance of November 17, 1890, placed Barker Street on the city plan, and by another ordinance of January 27, 1892, directed it to be opened. No steps were taken pursuant to these ordinances until February 2, 1926, at which time a notice was served on appellant to vacate the street. This would not constitute an acceptance that would forestall the operation of the Act of May 9, 1889, P. L. 173.

That act was passed to limit the time within which the city could accept a dedication. "The purpose of the act is to relieve land upon which streets have been

laid out by the owners, but not......used, from the servitude imposed......We have before us only the question of the right of the municipality to open the streets without compensation by reason of the dedication in 1848. As against this right the act establishes a limitation of time where none before existed...... The case......comes within the meaning of the Act of 1889, and it is now too late for the city to assert the right founded upon the dedication of 1848": Quicksall v. Philadelphia, supra; Woodward v. Pittsburgh, 194 Pa. 193; Scott v. Donora Southern R. R. Co., 222 Pa. 634; Stivason v. Serene, 80 Pa. Superior Ct. 1, 7, 8. It has been definitely decided that, when a street has not been opened [accepted] within twenty-one years after it has been laid out, the statute puts an end to the public right in the land: Quicksall v. Philadelphia, supra; Milford Borough v. Burnett, supra; Oakley v. Luzerne Borough, 25 Pa. Superior Ct. 425.

The offers of the deeds were objected to. They were competent to show dedication, but, unless this evidence was to be followed by proof of acceptance by the city, the deeds showing merely a dedication would be of no value and should not have been admitted for that purpose. But the evidence, having been offered for another legitimate purpose, could not be stricken from the record, although its consideration by the jury could have been so limited. The city, having failed to show an acceptance of the dedicated way within the statutory period, failed to complete its proof and is not free from liability on this ground although the action of the city in directing Ludlow Street to be opened was in pursuance of its right of eminent domain to lay out and open streets.

The statement of the questions involved limits the scope of this appeal: Willock v. Beaver Valley R. R. Co., 229 Pa. 526; Smith v. Lehigh Valley R. R. Co., 232 Pa. 456; Furman v. Broscious, 268 Pa. 119; Keck v. Vandyke, 292 Pa. 532; Kriner v. Dinger, 297 Pa.

434

576. We are not permitted to go beyond the questions involved even though an assignment of error appears on the record. There are forty assignments of error. We have considered only those covered by the statement of questions involved, and, as the latter relate solely to trial errors, we have held that none existed. It follows that the judgment of the court below, based on the verdict of the jury, must be affirmed.

Judgment affirmed.