Stozenski et al., Appellants, *v.* Borough of Forty Fort.
Stozenski et al., *v.* Borough of Forty Fort, Appellant.

6

Argued January 9, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Arthur L. Piccone,* for defendant, appellant.

*Joseph B. Farrell,* with him *Francis P. Burns,* for plaintiffs, appellants.

OPINION BY MR. JUSTICE MANDERINO, March 25, 1974:

The parties in this appeal own separate properties in the Borough of Forty Fort, Luzerne County, Pennsylvania. One property is owned by John A. Stozenski and Mary Stozenski, husband and wife. A second property is owned by Michael Yurko and Mary Yurko, brother and sister. The Stozenski property and the Yurko property are separated by a private road. The

private road begins at Wyoming Avenue and runs between the Stozenski property and the Yurko property. The road provides access to a third property which is owned by the Borough of Forty Fort. The parties agree that each property owner is entitled to the use of the private road which was established as an easement when the properties were part of a single larger tract. The parties also agree that the road easement, as originally recorded, was twenty feet in width. They disagree, however, as to the present width of the road easement and as to the extent of the permitted use of the easement by the Borough of Forty Fort.

The Stozenskis and the Yurkos were plaintiffs in an equity action in which the Borough of Forty Fort was the defendant. Both plaintiffs and defendant now appeal from the trial court's final decree.

The trial court concluded that (1) the defendant was entitled to the use of the original easement which was twenty feet in width; and (2) the defendant's rights to use the easement were limited. Plaintiffs have appealed from the first part of the trial court's decree and the defendant has appealed from the second part of the decree. We affirm the first part of the trial court's decree and modify the second part of that decree.

The plaintiffs contend that the trial court erred in concluding that the "plaintiffs did not acquire by adverse possession rights sufficient to extinguish any portion of the easement." We do not agree. The trial court found that the Stozenskis had maintained grass on a two foot wide portion on the alley which parallels their property and used the strip as part of their side yard. The trial court also found that the Yurkos maintained grass on an eight foot strip of the alley which parallels their property. At the edge of the eight foot wide strip, running through the middle of the road

easement, someone had erected a low concrete curb before the Yurkos had acquired their property in 1951. Plaintiffs argue that their maintenance of grass and the existence of the concrete curbing for more than twenty-one years were sufficient facts from which the trial court should have concluded an adverse possession by the plaintiffs.

"[T]he adverse possession that will bar easements must be actual, continuous, adverse, visible, notorious, and hostile possession of the land in question for twenty-one years." *Philadelphia Electric Co. v. City of Philadelphia*, 303 Pa. 422, 429, 154 A. 492, 495 (1931). "[T]here must be shown, by word or act, an express repudiation of the interests acquired by others, and an intention to set up a hostile claim." *Mitchell v. Bovard*, 279 Pa. 50, 53-54, 123 A. 588, 589 (1924). The repudiation of the rights of other persons in a right-of-way must be manifested by words or acts which are inconsistent with or infringe upon the other persons' right to pass across the land whenever the necessity to do so arises. *Graham v. Safe Harbor Water Power Corp.*, 315 Pa. 572, 173 A. 311 (1934); *Jessop v. Borough of Kittanning*, 225 Pa. 589, 74 A. 544 (1909). No particular conduct is required, but the obstructing conduct must be inconsistent with one's right to use and enjoy the easement. *Hibberd v. Greenstein*, 263 Pa. 527, 107 A. 28 (1919) (the maintenance of locked gates); *Greenmount Cemetery Co.'s Appeals*, 1 Sadler 371, 4 A. 528 (1886); *Mitchell v. Bovard*, 279 Pa. 50, 123 A. 588 (1924) (the building of fences); *Aldine Realty Co. of Pittsburgh v. Manor Real Estate & Trust Co.*, 297 Pa. 583, 148 A. 56 (1929); *Neff v. Pennsylvania R. Co.*, 202 Pa. 371, 51 A. 1038 (1902) (the laying of railroad tracks); *Jessop v. Borough of Kittaning*, 225 Pa. 589, 74 A. 554 (1909) (the erection of buildings); *Nauman v. Kopf*, 101 Pa. Superior Ct. 262 (1930) (the planting of trees and shrubbery in a fenced-in area).

In the present case, nothing was done which interfered with the use and enjoyment of the twenty foot wide road easement by the defendant or any of its predecessors in title. The grass and the low curbing did not in any way obstruct or inhibit ingress and egress from Wyoming Avenue, over the road easement, to defendant's property. Plaintiffs' use of a two foot strip and an eight foot strip on either side of the road as part of their yards was not inconsistent with the defendant's easement rights. The plaintiffs erected no fences, planted no trees or shrubbery, constructed no walls or gates—did nothing, from which an inference can be drawn that they disclaimed any of the defendant's right-of-way interest in the land. Moreover, it is irrelevant that defendant and its predecessors in title may never have improved, maintained, or used the road as a means of ingress or egress to their property. Nonuse, no matter for what duration of time, will not extinguish an easement. *Graham v. Safe Harbor Water Power Corp.*, 315 Pa. 572, 173 A. 311 (1934); *Mitchell v. Bovard*, 279 Pa. 50, 123 A. 588 (1924); *Hibberd v. Greenstein*, 263 Pa. 527, 107 A. 28 (1919). We conclude that the plaintiffs' use of the road easement was permissive—not adverse. The trial court did not err in denying plaintiffs' claim of adverse possession.

The appeal of the defendant, the Borough of Forty Fort, concerns the second part of the trial court's decree. The trial court held that the twenty foot wide road was not a public road and, therefore, the only rights which the defendant owned in the twenty foot road were those rights which the defendant acquired as the grantee of its 13.75 acre tract. The defendant agrees with those conclusions and does not claim that it has any rights except as the grantee of the 13.75 acre tract. The defendant argues, however, that the trial court improperly limited its rights as a grantee. We agree.

The twenty foot road in this case was originally dedicated as a public road on a plan recorded in 1912, but there was no acceptance by the Borough of the road as a public road within the required statutory period. The public, therefore, lost any independent right to use the road. The purchasers of property in the recorded plan and their grantees, however, "have the right to insist not only on the use of the [road] for their own purposes, but that the public shall have the same right to make use of it. All of which is intended as a benefit to the [property] owners and not as an independent right in the public." *Chambersburg Shoe Manufacturing Co. v. Cumberland Valley R. Co.*, 240 Pa. 519, 523, 87 A. 968, 970 (1913). *See also Whittaker Appeal*, 386 Pa. 403, 126 A. 2d 715 (1956); *Rahn v. Hess*, 378 Pa. 264, 106 A. 2d 461 (1954); *Cohen v. Simpson Real Estate Corporation*, 385 Pa. 352, 123 A. 2d 715 (1956). The defendant, as the offeree in the offer of dedication of the road as a public road in 1912, lost its rights by not accepting the road as a public road within the statutory period of twenty-one years. Its rights as an offeree of a dedicated public road, therefore, expired in 1933. When the defendant, however, purchased the 13.75 acre tract in 1968, although it had no rights as an offeree, it acquired rights as a grantee.

As a grantee, the defendant had a right to the use and enjoyment of the private road easement as a means of ingress and egress to its property and to have the public so use it for the purpose of ingress and egress to the grantee's property. The rights which a grantee has are not determined or limited by the character of that grantee. The rights remain the same whether the grantee is an individual, a partnership, a business corporation, or a municipal corporation.

The trial court decreed that the use of the road "shall be limited to use by the Borough officials, em-

ployees, and other authorized personnel who require access to the lands acquired by the Borough." The quoted portion of the decree might be interpreted to include all persons going to and from the defendant's property. The trial court's opinion, however, made it clear that the use of the words "authorized personnel" in the decree was not intended to include all persons going to and from the defendant's property. The trial court erred in limiting its decree. Such a limitation would not be proper as to any other grantee and is not proper as to the defendant, a municipal corporation. The defendant cannot, of course, convert the private road into a public road, and use the road as a thoroughfare, or for the parking of automobiles, or as a connecting road between two other public roads. The defendant, however, as a grantee, has a right to have those members of the public, who are going to and from its property, use the road for ingress and egress.

The decree of the trial court is modified to provide that the defendant, as grantee of the 13.75 acre tract, is entitled to the use of the private road easement for ingress and egress to the tract, and this right includes the right of all persons to use the easement who are going to and from the 13.75 acre tract. As modified, the decree of the trial court is affirmed. Each party to pay own costs.

Mr. Chief Justice JONES dissents.