## Adams v. Ward

*Harry Humbert* and *Milton D. Margolis,* for plaintiffs.
*Joseph R. Rygiel,* for defendants.

ADAMS, *J.,* September 29, 1977 — This matter is before the court on a motion for a preliminary injunction in an action in equity where plaintiffs, William H. Adams and Jessica P. Adams, are seeking to prevent defendants, William R. Ward and Nancy E. Ward, from obstructing or interfering with an easement in favor of plaintiffs over land owned by defendants. The easement was granted to plaintiffs by the following clause in deed to plaintiffs from Richard Oran Keller and Gertrude Keller dated September 13, 1967, and recorded in the recorder's office of Fayette County, Pennsylvania, in Deed Book Volume 1049, page 395.

"Together with the right of grantees herein, their heirs and assigns, to use a private road over other property now or formerly of said Benjamin F. Keller and his wife, adjoining the premises hereby conveyed, extending from said township road to a point near the dwelling on the premises hereby conveyed for the purpose of ingress and egress to and from said dwelling to said township road."

Defendants took title to the land over which plaintiffs' easement lies by virtue of a deed from Lawrence Keller, a widower, which deed is dated May 17, 1976, and recorded in the recorder's office of Fayette County, Pa., in Deed Book Volume 1200, page 141.

Plaintiffs have used the right-of-way on which to park their vehicles and walk across to and from their property. In August of 1976, defendants put up "no trespassing" signs on their property and placed a log over the right-of-way to prevent plaintiffs from parking there. Plaintiffs are seeking a preliminary injunction to restrain defendants from interfering with their "parking" easement pending final determination of the matter.

Defendants concede that the easement grants plaintiffs the right to walk over defendants' property as a means of ingress and egress to their property, but deny that the easement grants them the right to park on defendants' property.

Plaintiffs do not have a prescriptive easement to park on defendants' property, not having parked there continually and adversely for 21 years. Therefore, their right to park must be determined from the grant itself. The deed grants plaintiffs the right to use the private road as a means of ingress and egress. In the case of Stozenski v. Borough of Forty Fort, 456 Pa. 5, 317 A.2d 602 (1974), the Supreme Court held that an easement for the use of a private road does not give the grantee the right to convert the private road to a public road and use the road as a thoroughfare or for parking automobiles or as a connecting road between two other public roads. That case controls the instant case and the easement, as stated, cannot be inter-

preted to have granted plaintiffs the right to park on defendants' property.

Wherefore, the court issues the following

ORDER

And now, September 29, 1977, the motion for a preliminary injunction by plaintiffs, William H. Adams and Jessica P. Adams, is hereby denied.