In this action, the plaintiff set forth in her complaint, which was in three counts, as amended, that she was the owner in fee of that portion of a discontinued highway which she alleges in her first count, the defendants have trespassed upon and obstructed her use thereof.
In her second count she alleges that even if she didn't own the fee of the land which had been part of the discontinued highway, she did acquire an easement by implication over that segment of the discontinued highway.
In her third count the plaintiff claimed that the highway was not properly discontinued and alternatively, that if the highway was discontinued, she claimed an easement over the abandoned roadbed as provided in Section 13a-55 of the Connecticut General Statutes.
The plaintiff seeks damages, a judgment quieting title and an injunction.
The defendants in their answer and special defenses denied that they have committed any trespass on the portion of the discontinued highway and they allege that they acquired title to a specific section of that roadbed by adverse possession which has been continuous without interruption, open and notorious to all others including the plaintiff and have done so for a period in excess of fifteen years and under circumstances which complied with the section of the statutes dealing with adverse possession, Conn. Gen. Stat. 52-575.
They offered evidence and testimony to support the use and occupancy they have made of the property in question including but not limited to planting trees and shrubs, stockpiling wood and other materials and the maintenance of a gate and fencing together with "No trespassing" signs. CT Page 5361
The repudiation of the rights in other persons in a right-of-way must be manifested by words or acts which are inconsistent with or infringe upon another person's rights to pass across the land whenever the necessity to do so arises.
The maintenance of locked gates, fences and the planting of trees and shrubbery in a fenced-in area have been cited as such uses. Stozenski v. Borough of Forty Fort, Luzerne County,456 Pa. 5, 317 A.2d 602 (1974). The court made a view of the subject premises and has taken notice of the features of the land and the monuments referred to at the time of trial.
From the evidence adduced at the trial, the court finds that the highway was properly discontinued in 1973, and that it had not been used as a public highway for many years prior to that date, nor since. The court further finds that irrespective of whether the plaintiff had a fee interest in that portion of the discontinued roadway, or whether his interest was that of an easement, either by implication or by statute, the plaintiff's rights in said premises were extinguished by the defendants' uninterrupted use of said property under circumstances satisfying the statutory right as previously stated.
The defendants claim of title by adverse possession use, however, is confined by their own evidence and testimony, to that portion of the discontinued highway extending into the former roadbed for a distance of thirty-three feet for the entire length of the defendants' southerly boundary line along said former highway.
The plaintiff filed a brief in which, inter alia, she claimed that the defendants' claim of title by adverse possession was contrary to the holding in Phillips v. Palakewitz, 17 Conn. App. 476
(1989). The holding in that case was that Section 13a-55, Conn. Gen. Stat. did establish that the plaintiff had retained an easement over a discontinued highway, but it did not rule for the plaintiff in that case on that ground alone, as the court further found that the defendant had failed to prove that an adverse use had persisted for a fifteen-year period inasmuch as the highway in that case had been officially discontinued for only about four years prior to the institution of litigation. In the instant case, the public use of the highway was officially discontinued in 1973, and the defendants' adverse use began subsequent to that date.
For the foregoing reasons, judgment is entered for the defendants, with costs. CT Page 5362